Gadsden v. Thrush.

JAMES GADSDEN, APPELLANT, V. GEORGE THRUSH, AP-
PELLANT, AND SCHUYLER NATIONAL BANK ET AL.,
APPELLEES.

56  565
s58  341

FILED NOVEMBER 3, 1898.  No. 8315.

1. **Pleading: FAILURE TO FILE ANSWER: ESTOPPEL: REVIEW.** A party
to an action who has failed to answer the petition of another
party, stating a cause of action against him, cannot be heard on
appeal to question the correctness of a judgment entered on such
petition, although other parties put its averments in issue and it
was not sustained by the proof.

2. **Mortgages: DELIVERY: CONTRACT.** A executed a note and mortgage
to B for the purpose of obtaining a loan from the latter. They
were delivered to C, who was to act as an intermediary. B re-
fused to make the loan, whereupon C advanced to A the money
from the funds of a bank of which C was cashier. The bank re-
tained the note and mortgage without change and without rede-
livery, A not knowing how the loan was effected. *Held*, That the
mortgage was inoperative, there being no consensus, and there
never having been an effectual delivery.

3. ———: **PRIOR LIENS: ESTOPPEL.** A mortgagee is not estopped from
assailing the validity of an apparently senior lien by a mere ex-
ception from the mortgagor's covenant against incumbrances of
a class of liens which would include that assailed if it were valid.

4. ———: **NATIONAL BANKS: USURY: ESTOPPEL.** A national bank took
as security for a debt, partly pre-existent and partly created at
the time, a real estate mortgage, naming an individual, an officer
of the bank, as mortgagee. The transaction was usurious. *Held*,
That having given the transaction the form of one with an indi-
vidual for the purpose of evading the liabilities peculiar to na-
tional banks, the bank could not be heard to assert its true
nature for the purpose of evading the liabilities attaching to indi-
viduals and of claiming the privileges of national banks.

APPEAL from the district court of Dodge county.
Tried below before MARSHALL, J. *Reversed.*

*Frick & Dolezal,* for appellants.

*Charles J. Phelps, Phelps & Sabin, George H. Thomas, J.
A. Grimison,* and *Miles Zentmeyer, contra.*

IRVINE, C.

This was an action by Gadsden to foreclose a mortgage made to him by George Thrush and wife. No controversy exists between the parties named. Certain other parties claimed liens on the mortgaged premises. The decree established a first lien in favor of the First National Bank of Schuyler, a second in favor of the Schuyler National Bank, a third in favor of the Nebraska State Bank, and a fourth in favor of the plaintiff. The plaintiff and Thrush appeal; the plaintiff because the court awarded the First National Bank priority over him, and Thrush complaining against the allowance of any lien to the First National Bank, and also because, on a plea of usury by him interposed against the claim of the Schuyler National Bank, the court declined to permit the remedy afforded by the state law, but allowed the principal of the debt with a forfeiture only of unpaid interest.

We shall first consider the case as regards the First National Bank. The lien awarded that bank as a senior lien arose out of a mortgage executed to J. C. Noyes. Noyes does not seem to have been originally a party, but filed an answer and a cross-petition, or such were filed on his behalf. Thereafter an order was made substituting the First National Bank for Noyes as a defendant, and no exception was taken to that order. The bank alleged the making and delivery to Noyes of the mortgage and notes secured thereby, and then pleaded an assignment of the notes and mortgage to the bank. To its cross-petition alleging such facts Thrush made no answer, and so confessed the same. His appeal on this branch is disposed of by that fact. After, by suffering default, confessing the facts pleaded, he cannot take advantage of the proof made by other parties in support of issues by them joined.

The plaintiff answered the cross-petition, among other things denying the averments of an assignment to the

bank and pleading that Thrush had executed the notes and mortgage for the purpose of obtaining a loan from Noyes, and that Noyes had refused to accept the notes or mortgage. The evidence shows that Thrush was indebted either to the First National Bank or to Mr. Bryant, its cashier, in an amount almost equal to the amount of the mortgage. Bryant desiring satisfaction of the debt, suggested to Thrush that probably Noyes would, on the real estate security, lend Thrush enough to discharge the debt. Noyes was an officer of the bank and is in the mortgage described as a citizen of Wisconsin. The notes and the mortgage were executed and handed to Bryant to complete the transaction. Bryant filed the mortgage for record; but Noyes, on learning of the transaction, repudiated it and refused to advance the money. The papers remained with Bryant. Bryant delivered the old notes to Thrush and paid him a small balance in money. This was entered on the books of the bank as a loan by the bank, and the bank seeks to enforce the mortgage as security therefor. It does not appear that Thrush knew that Noyes refused the loan or that he was thereafter dealing with the bank. It is quite clear that Bryant, when Noyes refused to adopt the contract, assumed that the bank might adopt it and retain the security intended for Noyes. It is evident that there was never any legal delivery of either note or mortgage, or if there was, that the consideration failed. They were executed for the specific purpose of securing a loan to be made by Noyes; their possession by Bryant was only that he might act as an intermediary in completing the contract. There was no privity or semblance of privity between Thrush and the bank and no intention of executing a mortgage to the bank or getting a loan from it. Without delivery to and acceptance by the mortgagee the mortgage never became operative. There is no evidence, of course, to support the averment of an assignment by Noyes to the bank. There was neither consensus, nor execution of the contract, and the mortgage is void. (*Shirley v. Burch*, 16 Ore. 83.)

It is argued that the plaintiff is estopped by the terms of his own mortgage from contesting the validity of that in question. Estoppels generally must be pleaded, and this is not pleaded. But the facts create no estoppel. The cases enforcing estoppels against a junior mortgagee and in favor of an asserted claim prior in time, are, it is believed, cases where, by recitals in the junior mortgage or by matters *in pais*, the validity of the senior is recognized. There is another class of cases, usually affecting vendees rather than incumbrancers, where a deduction from the consideration money has been made, to compensate the senior lien, and where an equitable obligation arises to discharge it or permit its discharge regardless of its validity. The case before us does not fall within either principle. The mortgage was on the whole estate and recognizes no particular lien. There is simply an exception from Thrush's covenant against incumbrances of "mortgages as now recorded in the county clerk's office of Dodge county, Nebraska." This simply relieved Thrush from any liability under his covenant on account of any then recorded mortgages, whether good or bad. It was very different from a stipulation in the mortgage whereby the mortgagee took his rights expressly subject to the claims of another, or where his mortgage attached only to the residue of the estate after satisfying a prior lien. The proof did not in any way support the averments of the cross-petition; it did support those of plaintiff's answer thereto.

We now come to the lien of the Schuyler National Bank. Thrush was largely indebted to that bank. He obtained a further loan and executed to the bank a note for $5,000 to represent the consolidated indebtedness. At the same time there was made a note for a like amount to William H. Sumner and a mortgage to Sumner to secure the latter note. Sumner was an officer of the bank. He had no individual dealings with Thrush and the sole purpose of the note and mortgage to him was to secure the debt to the bank. Certain payments were made on

the bank's note, so that when it came to foreclosure the bank claimed as due only $3,229. To the cross-petition of Sumner, in which the bank was permitted to join, Thrush pleaded usury. It was clearly shown that the transactions between Thrush and the bank were tainted with usury, and the court so found. But the view was taken that, as the transaction was in effect with a national bank, the remedies afforded by the act of congress in that behalf were exclusive, and that Thrush was not entitled to the benefit of the state laws, whereby he might set off against the principal all payments made of interest. Accordingly there was allowed this bank its principal. It is now firmly established that as against a national bank the remedies allowed by act of congress in case of usury are exclusive, and that payments of usurious interest may not be set off in an action for the debt. But the case before us is complicated by the fact that the mortgage and note here in question were not made to the bank, but to an individual amenable to the state laws, who joins the bank in enforcing the security. We have been cited to no authority on the precise question thus presented, nor, in the course of an independent investigation, necessarily somewhat cursory, have we discovered any. We think, however, that under the circumstances the bank is in no position to assert any privilege under the act of congress.

The inference from the direct testimony and from the circumstances is that if the object of procuring the note and mortgage to be executed to Sumner was not to evade the penalties of the act of congress with respect to usury, it was to evade the inhibition against the taking by a national bank of real estate security for loans made at the time. Whether that inhibition applies to a case where a portion of the debt was pre-existent we need not inquire, because it is now settled that a violation of that enactment does not afford the debtor any ground of relief; the government alone may complain. Still, whichever motive influenced the bank, the object was to evade

the burdens attaching to its position as a national bank. It would be highly unconscionable to permit a person to give a contract a false form to evade the burdens which would follow from its true expression, and then permit him to show the truth as against the form to evade the burdens cast by a contract in the form which has been so chosen. It is said that Thrush might certainly have recovered the penalty, denounced by congress, by an independent action within the period of limitations against the bank, and that therefore the transaction must be regarded as one within the act of congress. This does not follow. One may render himself liable because of a false aspect he throws upon his transactions, and at the same time be thwarted in his effort to evade another liability to evade which he has selected the false aspect. The terse head-note to *Hayes v. People*, 25 N. Y. 390, illustrates the principle: "A married man, it seems, imagining himself to effect mere seduction, may blunder into bigamy."

The decree of the district court is reversed and the cause remanded with directions to ascertain the amount of money advanced to Thrush by the Schuyler National Bank, deduct therefrom all payments, whether of principal or interest, and award foreclosure for the remainder, if any; to postpone the lien of the First National Bank to that of the plaintiff, and for such further proceedings as may be necessary and not inconsistent with this opinion.

REVERSED AND REMANDED.