JAMES GADSDEN, APPELLEE, V. GEORGE THRUSH ET AL., IMPLEADED WITH WILLIAM H. SUMNER ET AL., APPELLANTS.*

FILED FEBRUARY 19, 1902.   No. 12,533.

1. **Law of the Case.** It is a settled rule in this court that a legal principle involved in the trial of a case, when once determined, becomes thereafter the law of the case, binding, not only upon the trial court, but this court as well, and will not, ordinarily, be re-examined in a subsequent review of the proceedings of an inferior court had in the further trial of the action. *Missouri P. R. Co. v. Fox*, 60 Nebr., 531.

2. **Second Appeal.** No new question being presented on the second appeal, the decree of the district court is affirmed.

APPEAL from the district court for Dodge county. Heard below before HOLLENBECK, J. *Affirmed*.

*Charles J. Phelps*, for appellants.

*George H. Thomas*, contra.

HOLCOMB, J.

This is the second appearance in this court of the above-entitled cause on appeal. On the first appeal the decree

*This case has been taken to the United States supreme court on a question of the taking of usury by national banks.—REPORTER.

of the district court was reversed and the cause remanded
for a new trial, with directions to ascertain the amount
of money advanced to Thrush by the Schuyler National
Bank, deduct therefrom all payments, whether of principal
or interest, and award foreclosure for the remainder, if
any; to postpone the lien of the First National Bank to
that of the plaintiff, and for such further proceedings as
might be necessary, and not inconsistent with the opinion
rendered in the case. *Gadsden v. Thrush,* 56 Nebr., 565.
A rehearing of the cause was subsequently allowed, and
upon reargument a decision was rendered adhering to the
former judgment of reversal. At the close of the opinion
on rehearing it is said: "For the reasons given we think
the former opinion should be adhered to, and the order
therein prescribed should govern the further proceedings
in this case." *Gadsden v. Thrush,* 58 Nebr., 340, 348. Upon
the cause being remanded for a new trial in conformity
with the views expressed in the two opinions heretofore
referred to another trial has been had in the district
court, and a decree rendered consistent with the mandate
filed in the court below. From this decree the Schuyler
National Bank and William H. Sumner appeal.

The former opinions give a full statement of the matters
in issue, and it is unnecessary to here restate them. No
complaint is made as to any action of the trial court which
could be regarded as contrary to the law of the case as
heretofore announced on the first appeal, nor is it con-
tended that any error or mistake was made in determining
the amount due the appellant bank for which it should
have a lien and foreclosure thereof in conformity with the
views expressed in the first opinion. From the briefs
filed by appellants, we are asked only to again in-
vestigate and reconsider the same questions presented
for consideration and determination on the first appeal,
and which were therein decided. This we can not do. The
questions presented for decision by the first appeal having
been fully considered and adjudicated, must be accepted
as the law of the case binding on the parties in all subse-

quent proceedings, and can not again be opened up for re-examination, and a new decision thereon. In *Missouri P. R. Co. v. Fox,* 60 Nebr., 531, it is held: "It is a settled rule in this court that a legal principle involved in the trial of a case, when once determined, becomes thereafter the law of the case, binding, not only upon the trial court, but this court as well, and will not, ordinarily, be re-examined in a subsequent review of the proceedings of an inferior court had in the further trial of the action." See, also, *Barker v. Wheeler,* 60 Nebr., 470; *Wittenburg v. Mollyneaux,* 60 Nebr , 583; *State v. Commissioners of Cass County,* 60 Nebr., 566; *Motley v. Motley,* 60 Nebr., 593; *Hendershott v. Western Union Telegraph Co.,* 87 N. W. Rep. [Ia.], 288; *Teryll v. City of Faribault,* 87 N. W. Rep. [Minn.], 917; *Finney v. Guy,* 87 N. W. Rep. [Wis.], 255.

We observe nothing to indicate that this case as now presented does not come altogether within the rule· mentioned, and for that reason we must hold the decree appealed from to be in conformity with law, and the same should therefore be, and accordingly is,

AFFIRMED.