# CASES DETERMINED

IN THE

# SUPREME COURT OF NEBRASKA

AT

## JANUARY TERM, 1904.

---

JAMES GADSDEN, APPELLEE, V. GEORGE THRUSH ET AL.,
APPELLEES, IMPLEADED WITH SCHUYLER NATIONAL
BANK ET AL., APPELLANTS.

FILED MAY 18, 1904. No. 12,533.

1. **Appeal: REVERSAL.** It is the duty of an appellate court, upon reversing a judgment of an inferior court, to determine whether the circumstances and condition of the case require that the litigation shall be ended, or the case shall be remanded for another trial, with directions as to the further proceedings to be taken, or shall be remanded for the exercise of the discretion of the lower court.

2. **Federal Courts: REVERSAL: AMENDMENTS.** Under the practice in the federal courts, the rule seems to be that, when the merits of the case have been once decided by the supreme court upon appeal, the circuit court has no authority, without express leave of the supreme court, to permit new defenses on the merits to be introduced by amendment to the answer.

3. **State Courts: REVERSAL.** The rule of this court is that, when a case is reversed and remanded generally, the district court is to exercise its discretion in the further proceedings in the cause, unless otherwise specially directed by this court.

4. **Supreme Court of the United States: REVERSAL: AMENDMENTS.** When the merits of a case have been decided by this court pursuant to the mandate of the supreme court of the United States, amendments of the answer, by introducing new defenses independent of the issues upon which the case has been determined, will not ordinarily be permitted. It is not necessary in this case to determine whether this court has jurisdiction to permit such amendments.

4          (1)

APPEAL from the district court for Dodge county: CON-
RAD HOLLENBECK, JUDGE. *Reversed with directions.*

*C. J. Phelps,* for appellants.

*A. M. Post, F. Dolezal* and *George H. Thomas, contra.*

SEDGWICK, J.

The question before us arises upon the motion of the
plaintiff, the Schuyler National Bank, for an order di-
recting the district court to vacate its last decree entered
herein, and to reinstate and enforce its first decree. The
first decree of that court was, upon appeal to this court,
reversed, and the cause remanded to the district court.
*Gadsden v. Thrush,* 56 Neb. 565. Thereupon, a decree was
entered in the district court in conformity with the judg-
ment of this court, which, upon a second appeal to this
court, was affirmed. *Gadsden v. Thrush,* 63 Neb. 881.
From the judgment of this court affirming the decree of
the district court, the cause was taken upon error to the
supreme court of the United States, and the judgment of
this court was there reversed. The decision of that court
was expressed in the following language: "The judgment
of the supreme court of Nebraska is reversed, and the
cause is remanded for further proceedings not incon-
sistent with this opinion." *Schuyler Nat. Bank v. Gads-
den,* 191 U. S. 451. Upon the filing in this court of the
mandate of the supreme court of the United States, the
plaintiff in error in that court, who is the plaintiff here,
filed this motion, and the defendant in error objected to
the motion, and suggested to this court that she desired
to obtain leave in the lower court to amend her answer,
by adding allegations of payments made upon the note
and mortgage in question before the commencement of
the suit.

It seems that upon appeals in equity taken from the
federal courts to the supreme court of the United States,

where the issues were fully made up in the lower court and the cause tried in the lower court upon its merits, the rule of the supreme court of the United States is:

"When the merits of a case have been once decided by this court on appeal, the circuit court has no authority, without express leave of this court, to grant a new trial, a rehearing or a review, or to permit new defenses on the merits to be introduced by amendment of the answer." *In re Potts,* 166 U. S. 263, 17 Sup. Ct. Rep. 520. In that case, the lower court granted a rehearing on the ground of newly discovered evidence on the question of novelty in a suit for the infringement of a patent, and in such cases it seems that the rule of practice in that court is that, when the case has been determined in the lower court upon its merits, and upon appeal to the supreme court has been remanded, no amendment will be allowed setting up new defenses on the merits, "unless the right is reserved in the decree of the appellate court, or permission be given on application to that court directly for the purpose"; and in the case last cited, the court, quoting from a former decision said:

"This appears to be the practice of the court of chancery and house of lords, in England; and we think it founded in principles essential to the proper administration of the law, and to a reasonable termination of litigation between the parties in chancery suits."

It is the duty of an appellate court to determine whether the circumstances of the case require that the litigation shall be ended, or the case shall be remanded for another trial upon the same issues, or for the exercise of the discretion of the lower court in the further proceedings. The practice in this court has been, and is, to enter a judgment in this court if the condition of the case requires it, or to remand with directions to enter judgment disposing of the case. If the reversal is general, and the cause remanded for further proceedings, without specific instructions, it is the duty of the lower court to exercise its discretion in the matter of allowing amendments, as well as

other matters in the further disposition of the case. The language used in remanding this case to this court would, if used in remanding a cause that had been appealed from the federal circuit court, no doubt, under the authority above cited, preclude that court from allowing amendments to the pleadings, unless, upon application to the supreme court, leave to reform the issues had first been obtained from that court. It is suggested that it is the writ of error or appeal, which gives that court jurisdiction in cases removed from the federal courts. And that, when a cause has been removed by writ of error from a state supreme court to the supreme court of the United States, it is the federal question involved that gives that court jurisdiction. It must appear by the record that some one of the questions stated in the statute arose in the state court, and that it was determined therein, otherwise the federal court is wholly without jurisdiction. Upon reversal, "the supreme court may, at their discretion, proceed to a final decision of the case, and award execution, or remand the same to the court from which it was so received." For these reasons it is thought that, when, as in this case, the cause is remanded to this court generally, the practice of this court ought to govern the further proceedings.

However this may be, we have looked into the record for the purpose of determining the merits of the motion before us. We think that the motion is well taken. The action has now been in the courts for about ten years. The plaintiff's case was an ordinary one for the foreclosure of a real estate mortgage. The defense was usury, and the right was insisted upon to offset payments made as usurious interest upon the principal of the loan for which the mortgage was given.

The defendant now proposes to amend her answer by alleging that, in 1893, she conveyed to plaintiff the premises involved in this litigation, and that the plaintiff then disposed of the property, and did not account to her for all of the proceeds. As a reason for not availing herself of

State v. Moores.

this defense sooner, she shows by affidavit that her husband attended to the business for her and did not inform her, until recently, of the circumstances which entitled her to further credit.

Other matters of a similar nature are urged to explain her action in allowing the claim to be litigated during all this time without tendering this issue.

We do not think that, after trying the merits of one defense to the extreme of unusually protracted litigation, and having failed therein in a court of last resort, she is in a position to insist that the cause be remanded, with instructions to frame new issues which would be wholly independent of the issues upon which the cause has been finally determined.

The last judgment of this court and the judgment of the district court are reversed and the cause remanded, with instructions to disallow the defense of usury, and proceed to a determination thereof upon the issues as now presented, in accordance with the opinion of the supreme court of the United States.

REVERSED.