JOHN NEDELA, APPELLANT, V. MARES AUTO COMPANY,
APPELLEE.

FILED APRIL 10, 1923.   No. 22860.

1. **Appeal:** LAW OF THE CASE. The rule known as "the law of the
   case" is applicable only to legal principles enunciated and rules of
   law laid down by a reviewing court, but has no relation to decisions
   upon questions of fact where the evidence at the second trial is
   materially different from that adduced at the first, or where evidence
   upon a material point which is lacking at the first trial is produced
   upon the second.

2. **Master and Servant:** COMPENSATION: ELECTION.   Where an em-
   ployer and employee enter into a contract of employment after the
   taking effect of the workmen's compensation act, both are presumed
   to contract with reference and subject to the provisions of part II
   thereof, but where the employer does not insure for the benefit of
   his employees, or fails to furnish satisfactory proof to the compensa-
   tion commissioner of his ability to pay compensation awarded, as pro-
   vided in section 3069, Comp. St. 1922, he is liable to an action for
   damages on account of negligence, if the facts so warrant, or to pay
   compensation under the statute, at the election of the employee.

3. ——: ——: STATUTE: CONSTITUTIONALITY. Section 3687, Rev.
   St. 1913, as amended, now section 3069, Comp. St. 1922, is not void
   and unconstitutional as being an amendment of section 3653, Rev.
   St. 1913, as amended, now section 3035, Comp. St. 1922, without
   mentioning or repealing said section, but is valid as being supple-
   mentary legislation.

4. ——: NEGLIGENCE: QUESTION FOR JURY. Evidence adduced on the
   part of plaintiff examined, and *held* sufficient to carry the question
   of the existence of negligence on the part of the employer to a
   jury for their decision.

APPEAL from the district court for Saline county:
RALPH D. BROWN, JUDGE. *Reversed.*

*Bartos & Bartos* and *Grant G. Martin,* for appellant.

*Crofoot, Frazer, Connolly & Stryker* and *B. V. Kohout,*
contra.

Heard before MORRISSEY, C. J., LETTON, DEAN and ALDRICH, JJ., RAPER, District Judge.

LETTON, J.

Plaintiff recovered a judgment against defendant for personal injuries. This judgment was appealed to this court and reversed generally (*Nedela v. Mares Auto Co.,* 106 Neb. 883), for the reason that the evidence showed that both plaintiff and defendant were under the employers' liability act.

At the second trial defendant moved that plaintiff be required to elect whether he would proceed under the common law or under the employers' liability act. Plaintiff stated that he had elected at the former trial to proceed under the common law, and he stood upon that election. At the close of plaintiff's testimony, defendant moved for a directed verdict "in conformity with the mandate of the supreme court of Nebraska heretofore returned and filed in this case, and because the plaintiff's evidence is insufficient to constitute a case in favor of the plaintiff and against the defendant." This motion was sustained and the jury instructed that, "under the opinion of the supreme court rendered in this case, you should return a verdict in favor of the defendant." The action was then dismissed. Plaintiff has appealed.

On the former appeal defendant insisted that both parties were under the employers' liability act. Plaintiff argued that the defendant had not shown that the parties were under the provisions of part II of the act, because they did not prove that they had complied with the provisions of section 3687, Rev. St., 1913, as amended, now section 3069, Comp. St. 1922, and that therefore he was entitled to recover for negligence under the common law. This court held that it was not necessary for defendant to prove compliance with this section, as this would be presumed. At the second trial plaintiff furnished conclusive proof that defendant had not complied with this section, and therefore was not within the statute.

Defendant now insists that plaintiff was not entitled to make this proof, and that the decision of this court upon the former trial settled the law to the effect that both parties were under the employers' liability act, and the district court took this view. We think the court misapprehended the effect of the former decision. The case was reversed generally. At another trial plaintiff was entitled to furnish additional evidence, if necessary, to maintain his cause. A decision of a reviewing court upon the facts does not constitute the law of the case, unless the evidence at the second trial is the same, or substantially the same, as that adduced at the first trial. When an element essential to plaintiff's recovery is lacking in the first trial, but is proved at the second trial, this additional evidence cannot be ignored, and the legal questions presented must be determined according to the new aspect of the evidence. *Lane v. Starkey,* 20 Neb. 586; *Missouri P. R. Co. v. Fox,* 60 Neb. 531; *State v. Paxton,* 65 Neb. 110; *Gadsden v. Thrush,* 72 Neb. 1; *Sowerwine v. Central Irrigation District,* 91 Neb. 457. The court therefore erred in instructing the jury that plaintiff was concluded by the opinion of the supreme court.

It is next contended that section 3687, Rev. St. 1913, as amended, now section 3069, Comp. St. 1922, is unconstitutional because it amends section 3653, Rev. St. 1913, as amended, now section 3035, Comp. St. 1922, without mentioning it. The act has been amended several times since 1913. As originally written section 3687 merely provided that an employer might take out liability insurance. The section as amended provides in substance that every employer shall insure his liability under the act, or he "shall furnish to the compensation commissioner satisfactory proof of his financial ability to pay direct the compensation in the amount and manner when due as provided for in this act," and every employer who refuses to comply with the conditions set forth in the section "shall be deemed to have elected not

to come under part II hereof, and shall be required to respond in damages * * * in like manner as if the employer had filed an election with the compensation commissioner rejecting the provisions of part II." Section 3653 (Comp. St. 1922, sec. 3035) provided: "Every such employer and every employee is presumed to accept and come under part II hereof, unless prior to accident he shall signify his election not to accept or be bound by the provisions of part II," etc. As the law stood, an employer was under part II unless he gave either written or printed notice to the employee that he does not accept the provisions of part II. Under section 3687, as amended, now section 3069, Comp. St. 1922, if the employer fails to insure or fails to satisfy the commissioner as to his financial ability, he shall be deemed to have elected not to come under part II.

The amended section does not amend section 3653, but merely furnishes another method of evidencing that the employer does not elect to bring himself within the provisions of the act. Failure to insure allows the employee to elect whether to apply for compensation under the statute, or to depend upon legal remedies for damages for negligence. *Avre v. Sexton*, p. 149, *post*.

It is next urged that the evidence does not establish any negligence on the part of defendant. Was there sufficient evidence presented by the plaintiff to require submission of this question to a jury? The former opinion does not fully state the facts. In addition to those recited in that opinion, it appears that on the evening of December 21, 1921, the manager called Nedela to a bench near which he was standing and asked him to hold the wheel of a Ford automobile which he had placed vertically upon the bench. Plaintiff held it by the rim. The manager was trying to move the ball cones from the inside of the hub. He put a punch inside the hub and struck it with a hammer. Immediately a small piece of steel flew out and entered plaintiff's eye, from the result of which it became necessary to remove the eye.

The testimony on behalf of plaintiff by men experienced in such work is that the usual and customary method of removing the ball cones from such wheels is by holding the wheel against the workman's knee, or against the bench at such an angle that, when the punch is inserted from the upper side, and struck by a hammer, there is little danger from pieces of steel flying into the face, or if the cones are difficult to remove, the wheel is placed over a nail keg, or in a vise, flatwise, so that the punch is directed downwards, it being dangerous to perform such work unless the wheel is in such a position that the sparks are not liable to be driven or fly into the eyes of the workman. There is also testimony that it is not customary for more than one man to remove these cones, as it is easily done if the wheel is properly placed.

Since a verdict was directed at the close of plaintiff's testimony, there is no evidence to contradict these statements, and there was sufficient evidence to take the question of negligence to the jury, unless the defendant's contention is sound that, a punch and hammer being simple tools, and not being shown to be in any wise defective, there can be no negligence as a matter of law in their use by the defendant's manager. Attention is called to the fact that plaintiff testified, when cross-examined, that if a punch was put against a piece of iron, or steel, and hit with a hammer, sometimes a chip might fly off. The cases cited by defendant hold that there can be no negligence if the tools furnished by a master are simple tools, defects in which can be readily observed by the workman, and, further, that a master cannot be held liable for either latent or visible defects in such tools. But it is not shown that there was any defect in either the hammer or the punch. The negligence, if any, was not in the condition of tools furnished, but was in the manner in which the tools were used, and, according to the testimony of his witnesses, in placing plaintiff in a very dangerous and

hazardous position, and which dangerous situation plaintiff, by reason of his inexperience, did not apprehend. Plaintiff had not participated in work of this nature before, although, having been a carpenter, and having had some experience in garages and with threshing machines, he had a general knowledge of the use of such tools.

Section 3643, Rev. St. 1913 (Comp. St. 1922, sec. 3025) provides: "In all cases brought under part I of this article it shall not be a defense (a) that the employee was negligent, unless and except it shall also appear that such negligence was wilful, or that the employee was in a state of intoxication; (b) that the injury was caused by the negligence of a fellow employee; (c) that the employee had assumed the risks inherent in, or incidental to, or arising from the failure of the employer to provide and maintain safe premises and suitable appliances, which grounds of defense are hereby abolished, except as provided in the second next following section." The second section thereafter is not applicable under the facts in this case.

Aside from the plea that both parties were under the compensation law at the time of the accident, the defenses pleaded are a denial that defendant was guilty of negligence, and an affirmative plea that plaintiff assumed the risks of the employment. Under the above section, assumption of risk inherent in, or incidental to, the employment, or arising from the failure of the employer to provide suitable appliances, is abolished as a defense. The only question left, as the pleadings now stand, is whether defendant was guilty of negligence, and, if so, the amount of damages plaintiff suffered.

We are unable to say as a matter of law that defendant was not negligent in placing the plaintiff in such a position when the punch was struck by the hammer. This is a matter which a jury must decide upon a consideration of all the evidence furnished by both parties. We express no opinion as to whether defendant

was negligent, since we have only the testimony on behalf of plaintiff before us.

REVERSED AND REMANDED.