MASTER LABORATORIES, INC., A CORPORATION, ET AL., APPELLANTS, V. GERTRUDE CHESNUT ET AL., APPELLEES.

59 N. W. 2d 571

Filed July 3, 1953. No. 33307.

*Kennedy, Holland, DeLacy & Svoboda, Yale C. Holland,* and *L. J. Tierney,* for appellants.

*Ben F. Shrier, Gray & Brumbaugh,* and *Fischer, Fischer & Fischer,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

This is a suit for the specific performance of an option to purchase real estate contained in a lease. The trial court denied specific performance and entered judgment against the plaintiffs for rentals that had accrued under the lease. The plaintiffs appeal.

On April 7, 1942, the plaintiffs entered into a written lease with the defendants for the use of a two-story building for a period of 10 years at the agreed rental of $110 per month. The lease contained an option to purchase which, so far as it is pertinent to this case, is as follows: "And it is further agreed that the party of the second part has the option to purchase said premises within 5 years from date hereof for $14,000.00 cash." Plaintiffs claimed an unconditional acceptance and offer of performance of the option. The defendants refused to accept the $14,000 and give a warranty deed to the property. This suit was commenced by the plaintiffs to enforce the option by specific performance. The trial court granted specific performance and an appeal was taken to this court. We reversed the judgment and remanded the cause for further proceedings not inconsistent with the opinion. Master Laboratories, Inc. v. Chesnut, 154 Neb. 749, 49 N. W. 2d 693. In the foregoing appeal we held that the purported acceptance was not unconditional in that it required a conveyance by warranty deed when the character of the conveyance was not specified in the option and, consequently, entitled the plaintiffs to a conveyance that would vest in them a good or marketable title only. The case was again heard in the district court where a decree was entered denying specific performance and awarding rentals due the defendants under the terms of the lease. From this decree the plaintiffs appeal, it being the appeal presently before the court.

Plaintiffs sought to retry the case and produce additional evidence concerning the nature of the conveyance required by the option agreement. This raises the

question as to the nature of the remand and the proceedings which could be had under it after the mandate was issued by this court. The rule is: Where material facts in issue in a former action were judicially determined, they are conclusively settled by a judgment rendered therein and they may not be again litigated in a subsequent action. But the rule that findings of this court on a first appeal become the law of the case on a retrial of the same issues is not available where the facts are materially different on the second trial. Callahan v. Prewitt, on rehearing, 143 Neb. 793, 13 N. W. 2d 660. The opinion of this court, which was made a part of the mandate, should be examined in conjunction with the mandate to determine the nature and terms of the judgment to be entered or the action to be taken. State ex rel. Johnson v. Hash, 145 Neb. 405, 16 N. W. 2d 734; Glissmann v. Bauermeister, 149 Neb. 131, 30 N. W. 2d 649. It is a general rule that a reversal of a judgment and a remand of the cause for further proceedings in accord with the opinion, without specific direction to the trial court as to what it shall do, is a general remand and the parties stand in the same position as if the case had never been tried. There are some exceptions to the rule, one being that if the undisputed and admitted facts are such that only one judgment could be rendered, the trial court should enter such a judgment notwithstanding a want of specific directions in the mandate. Bliss v. Livestock Nat. Bank, 124 Neb. 880, 248 N. W. 645. Another exception exists where on the retrial the facts relating to the issues upon which the findings were made are the same as those adduced on the former trial. Glissmann v. Bauermeister, *supra;* Anderson v. Union Stock Yards Co., 84 Neb. 305, 120 N. W. 1124; Johnston v. New Omaha Thomson-Houston Electric Light Co., 86 Neb. 165, 125 N. W. 153. When the evidence on the second trial is materially different from that adduced at the first, or where evidence upon a material point which is lacking at the first trial is produced upon the second, the doctrine

of the law of the case has no application. Nedela v. Mares Auto Co., 110 Neb. 108, 193 N. W. 345; Johnson v. Sherman County Irrigation, Water Power & Improvement Co., 71 Neb. 452, 98 N. W. 1096; Parish v. County Fire Ins. Co., 137 Neb. 385, 289 N. W. 765. We hold therefore that the remand in the former appeal in this case warranted a re-examination of the facts by the trial court and a new and different decree if there was new evidence of a material and substantial nature to support it. The burden is upon the party claiming such a difference in the evidence to establish it by competent evidence.

There was new evidence offered in the present case tending to show that such a difference in the evidence existed. The question for our determination is whether the new evidence produced was competent.

It will be noted that the option agreement was silent as to the nature of the conveyance to be made in the event the option to purchase was exercised. It was held in the former appeal that, unless differently agreed, a seller is required to convey a good and marketable title and that a warranty deed is not required to convey such a title. In the retrial of the case evidence was offered that there was a contemporaneous oral agreement by which the sellers agreed to convey by warranty deed in the event the option was exercised. This evidence was objected to as incompetent for the reason that it varied the terms of the written contract. The primary point in the appeal is the correctness of the trial court's ruling that this evidence was incompetent.

There was evidence by at least two witnesses to the effect that there was an oral agreement between the parties, made prior to or contemporaneous with the written option, to the effect that if the option to purchase was exercised the sellers would give a warranty deed. The oral agreement was not independent of the written agreement as it deals with the same subject matter. Since the agreement involved the conveyance of real

estate it was required by the statute of frauds to be in writing. We think, under such circumstances, that the evidence of the oral agreement was not admissible. The following cases appear to be controlling in deciding this issue.

In Theno v. National Assurance Corp., 133 Neb. 618, 276 N. W. 375, we said: "The parol evidence rule is not merely one of evidence, but is a rule of substantive law, which declares that certain kinds of facts are legally ineffective, and forbids such facts to be proved at all."

The correct rule is set forth in Telluride Power Transmission Co. v. Crane Co., 208 Ill. 218, 70 N. E. 319, as follows: "The rule is, that when the writings show, upon inspection, a complete legal obligation, without any uncertainty or ambiguity as to the object and extent of the engagement, it is conclusively presumed that the whole agreement of the parties was included in the writings. The fact that a point has been omitted which might have been embodied therein will not open the door to the admission of parol evidence in that regard. * * * The rule is too well recognized to require citation of authorities that all preliminary negotiations, whether oral or written, are merged in the written contract." The foregoing was cited with approval in Arman v. Structiform Engineering Co., 147 Neb. 658, 24 N. W. 2d 723, wherein the following was also set out: " '* * * where a written contract, signed by both parties, is complete in itself, and contains and expresses the mutual covenants and promises of both, without ambiguity or apparent omission; where the statement of the consideration therein is of a contractual nature, and not a mere acknowledgement of receipt, parol evidence is not admissible to contradict, vary or add to the consideration expressed in the instrument itself.' " See, also, Spiegal & Son v. Alpirn, 107 Neb. 233, 185 N. W. 415.

"Nor is a contract ambiguous within that sense merely because it may be even difficult to construe. The con-

struction of a contract, if needed, being a question of law for the court, as well as a duty that rests upon the court, there can be no ambiguity within the rule to which we have referred, unless and until an application of the pertinent rules of interpretation leaves it really uncertain which of two or more possible meanings represents the true intention of the parties." McCann v. Glynn Lumber Co., 199 Ga. 669, 34 S. E. 2d 839.

We conclude that there was neither ambiguity nor omission within the meaning of the foregoing rules. The option agreement requires the conveyance of a good or marketable title in the event the option is exercised. Parol evidence is not required to explain its meaning nor to supply evidence of an omission to give meaning to the agreement. Its meaning is clear. It is not therefore subject to construction or amplification. The evidence of the oral agreement was incompetent under the parol evidence rule.

Consequently, the controlling rule on this issue is that where, on retrial, the facts relating to the issues are the same as those adduced on the former trial, the doctrine of the law of the case is applicable and controlling. We hold, therefore, that the trial court correctly decided that the purported acceptance of the option to purchase was conditional and warrants the refusal of the remedy of specific performance.

The record shows that plaintiffs amended their petition and filed a reply immediately prior to the second trial in which it is stated in substance that the plaintiffs still are ready and willing to pay to the defendants the sum of $14,000 in cash, as is provided in said option agreement, and have been and are now ready and willing to receive a conveyance of said premises, but the defendants continue to refuse to receive said tender and to make said conveyance. The amendments to the petition were made just before the second trial. The reply was filed on March 5, 1952, 4 years and 11 months subsequent to the expiration of the option agreement. For

the first time plaintiffs offered therein to accept a conveyance as distinguished from their previous demands for a warranty deed. As an exercise of the option it clearly comes too late. The defendants were therefore under no obligation whatever to accept the tender of performance therein made.

Plaintiffs contend that the trial court erred in entering judgment for rentals due from the plaintiffs to the defendants in the total sum of $10,214.64 as provided in the decree. The pleadings and the evidence clearly sustain this portion of the decree. The lease provides that the rentals provided for by the lease will be paid "except when said premises are untenantable by reason of fire, from any other cause than carelessness" of plaintiffs or persons in their employ. There was evidence offered on this issue by the defendants. The trial court by the terms of the decree recited that the judgment entered was without prejudice to the rights of the defendants in another action pending in the district court wherein they claim damages from the plaintiffs as the result of the fire occurring on May 29, 1945, alleged to have been caused by the negligence of the plaintiffs and their agents. This action of the trial court is not assigned as error by the plaintiffs and no cross-appeal was taken by the defendants. There is nothing before this court, therefore, on this issue.

We find no prejudicial error in the record and the decree of the district court is therefore affirmed.

AFFIRMED.