SACK LUMBER COMPANY, A CORPORATION, APPELLANT, V. CITY OF SARGENT, CUSTER COUNTY, NEBRASKA, APPELLEE.

140 N. W. 2d 796

Filed March 11, 1966. No. 36108.

Vogeltanz & Kubitschek, for appellant.

William G. Birginal and Schaper & Schaper, for appellee.

Heard before CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ., and KOKJER, District Judge.

SPENCER, J.

This is an action at law for materials and labor allegedly furnished pursuant to an oral contract. The action is brought by Sack Lumber Company, a corporation, hereinafter referred to as plaintiff, against the city of Sargent, Nebraska, hereinafter referred to as city, to recover the cost of certain electrical work performed in the erection of a bathhouse and the lighting of a swimming pool. Plaintiff perfected this appeal from the entry of a summary judgment dismissing the action.

Plaintiff filed a petition and three amended petitions in an attempt to state a cause of action. There are of record several depositions as well as interrogatories and admissions of the parties. Both of the parties moved for summary judgment.

On May 6, 1960, plaintiff submitted a written bid on the erection of a bathhouse for a swimming pool being constructed by defendant. This bid, as taken from the exhibit attached to plaintiff's third amended petition, so far as material herein, is as follows: "BID ITEM NO. 2: ALTERNATE 'A' Bathhouse constructed of concrete block, including all electrical work and pool lighting, complete in place. Total Base Bid, ALTERNATE 'A', Eighty Two Hundred Eleven & no/xx DOLLARS ($8211)."

Subsequently on a date which is not clear from the record but which we assume to be before May 31, 1960, because that is the date of the acceptance of the bids, the various bids on the entire project were opened. After the opening of the bids, plaintiff contends its manager stated that the bid submitted by the plaintiff did not include the electrical work. It is plaintiff's contention that after some discussion a motion was made and adopted by defendant's city council, before whom the bids were opened, permitting plaintiff to add $1,380 to

its bid to cover the electrical work, so that the bid would then be for $9,591 rather than $8,211. This is denied by the defendant.

Plaintiff filed a request for the production of the minutes of the meeting. They are not a part of the record, and no showing is made by the plaintiff that they were not produced, so we assume plaintiff did not see fit to make them a part of the record. Plaintiff admits that it filed a bid bond or a certified check with its bid of not less than 5 percent of the submitted bid of $8,211. It also admits that it did not at any time ask leave to withdraw the bid.

Attached to the plaintiff's third amended petition is a written contract executed by the parties, bearing the date of August 1, 1960, which is more than 2 months subsequent to the acceptance of the bids. This contract was executed on behalf of the plaintiff by its manager, who is the same person who submitted the bid and who was present at the opening of the bids. This contract, so far as material herein, is as follows: "WITNESSETH: In consideration of the sum to be paid by the Owner to the Contractor at the time and in the manner hereinafter provided, the said Contractor has agreed, and does hereby agree to furnish all labor, tools, equipment and material and to pay for such all items, and to construct complete in every detail, to wit: Bit (sic) Item No. 2. Alternate 'A' Total Price $8211.00 at the prices bid on the Proposal Form all to the satisfaction and under the general supervision of the City Engineer or other engineer, acting as and in these Contract Documents entitled the 'Special Engineer'."

This action is to recover the cost of the electrical work under an alleged oral contract before the bid letting, which we assume to be May 31, 1960. Plaintiff, in answer to an interrogatory, admits that the electrical lighting and the material, referred to in its third amended petition, were the items called for in the plans and specifica-

tions referred to in its bid or proposal, the material portion of which has been set out heretofore.

Plaintiff also admits that it was paid the sum of $8,211, as follows:

"Warrant dated May 2, 1961 for the sum of  $2,614.60
Warrant dated Sep 9, 1961 for the sum of    4,596.40
Warrant dated Nov 7, 1961 for the sum of    1,000.00."

Plaintiff also admits that the warrant dated November 7, 1961, in the sum of $1,000, which it accepted and cashed, bore on its face the legend, "For Final Payment of Contract."

It is evident from plaintiff's pleadings and admissions that it executed a written contract subsequent to the date of the alleged oral contract, which from the documents themselves included the work purportedly covered by its oral contract. The subsequently executed contract includes also the words "Total Price $8211.00." It is difficult to understand on what theory plaintiff expects to add $1,380 to that figure. Plaintiff has some theory of mutual mistake, permitting it to vary the terms of the written contract. The cases on which plaintiff seeks to rely have no application herein, but are based upon fraud or mutual mistake.

If there was a mistake herein, it at most would be a unilateral one. But even if we adopt that theory, the plaintiff was fully cognizant of the situation, at least at the time the bids were opened. Under the authority of School Dist. of Scottsbluff v. Olson Constr. Co., 153 Neb. 451, 45 N. W. 2d 164, if a mistake is so fundamental in character that the minds of the parties have not, in fact, met, or if an unconscionable advantage has been gained by a mistake, the remedy is rescission. Here, however, plaintiff made no attempt to rescind its contract but actually ratified its erroneous bid, if it was in fact such, by the subsequent execution of the contract of August 1, 1960.

Plaintiff admits it accepted a check for the balance of the contract price, bearing the legend, "Final Pay-

ment of Contract." It seeks to avoid the effect of this act by the contention that the oral contract was not included in the written one and by the further contention that the defendant should not be permitted to turn plaintiff's mistake to its advantage but should be liable for property received and for benefits retained. The obvious answer to the last contention of unjust enrichment is that the defendant received only that for which it contracted. The original bid included the electrical work. The contract, executed after the plaintiff had knowledge that it may have made a bad bargain, included the electrical work.

Plaintiff's contention of a separate oral contract runs afoul of the rule that if a written contract contains a complete obligation without ambiguity as to its object and extent, it is conclusively presumed that the whole agreement of the parties was included therein. See Master Laboratories, Inc. v. Chesnut, 157 Neb. 317, 59 N. W. 2d 571. See, also, Reorganized Church of Jesus Christ v. Universal Surety Co., 177 Neb. 60, 128 N. W. 2d 361, in which we quoted the following from 33 A. L. R. 2d 968: " 'All oral negotiations or stipulations between the parties, preceding or accompanying the execution of the written instrument, are regarded as merged in it, and the instrument is treated as the exclusive medium of ascertaining the agreement of the parties to it. * * * The reason for this rule is that it is only reasonable, where parties have entered into a written agreement, to suppose that they have introduced into the instrument every material term and circumstance; and, consequently, all parol testimony of conversations made by either of them, whether before or after, or at the time of, the completion of the contract, will be rejected.' "

The entry of a summary judgment dismissing the plaintiff's action was in all respects proper, and the judgment of the district court is affirmed.

AFFIRMED.