HERMAN G. BLOME, APPELLANT, v. JESS V. HOTTELL ET AL., APPELLEES.

264 N. W. 2d 424

Filed April 5, 1978. No. 41394.

Wright & Simmons, for appellant.

Van Steenberg, Brower, Chaloupka, Mullin & Holyoke, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, MCCOWN, CLINTON, BRODKEY, and WHITE, JJ.

SPENCER, J.

This is an action on a note, given for the purchase of cattle. Both parties moved for summary judgment. The court sustained plaintiff's motion and entered judgment in his favor for the balance due on the note, less $5,200 for cattle which did not meet the terms of the agreement between the parties. Plaintiff appeals from the allowance of the $5,200 credit to the defendants. We reverse and remand.

The note recites that it was given for the purchase of 74 head of cattle at $400 apiece. The bill of sale executed contemporaneously with the note contains the following clause: "All of said cows are believed by Seller to be pregnant. In the event, however, that any of said cows are not pregnant, or have lost their calf before January 24, 1974, then Buyers shall be given credit on the $29,600.00 herein, at the rate of $400.00 per head for those cow (s) which are not pregnant or have lost a calf before January 24, 1974."

There is a dispute between the parties as to the meaning of this clause. It is to be noted that it does not provide that the nonpregnant cow would need to be returned for credit nor does it make provision for payment to the defendants for feeding the nonpregnant cow if returned. The attorney who drew the agreement testified that the cows were old and the intent of the parties was that each of them was to be pregnant. No instructions were given to him other than the information which appears in the bill of sale.

Plaintiff claims the cattle were represented to be from 2 to 8 years old. The evidence would indicate that they were much older, as much as 13 to 15 years of age. On the record, the trial court was correct in construing the agreement to allow defendants a credit of $400 for every nonpregnant cow.

When a writing shows upon inspection a complete legal obligation without uncertainty or ambiguity as to object and extent of the engagement, it is conclu-

sively presumed that the whole agreement of the parties was included therein. Master Laboratories, Inc. v. Chesnut, 157 Neb. 317, 59 N. W. 2d 571 (1953).

There is, however, a factual dispute as to the number of nonpregnant cows. The testimony of the Hottells, which is supported by the weight of the evidence in the record, is that 13 of the cows did not have calves. The trial judge so found in his ruling on the motion for summary judgment.

In a deposition taken July 23, 1975, Blome testified that Jess V. Hottell sorted off 74 cows out of a herd of 100; that there were 8 or 10 close springers; 22 cows with calves; and 44 of the cows were either to have calves later or had lost their calves. In a subsequent deposition taken the 12th of November 1976, Blome testified that Jess Hottell took 60 cows that had little calves with them and then he picked out the other 14 cows that were pregnant right close up to calving. This testimony cannot be reconciled with his previous testimony.

On the record the trial judge found that 13 of the cows did not calve. If we were trying the fact question, we also would so find. While the question may be arguable, the record does indicate a dispute of fact. A summary judgment is not proper except where there is no genuine issue as to any material fact and where under the facts the movant is entitled to judgment as a matter of law. Barnes v. Milligan, 196 Neb. 50, 241 N. W. 2d 508 (1976).

The issue to be tried on a motion for summary judgment is whether or not there is a genuine issue as to any material fact, and not how that issue should be determined. In considering such a motion, the court should take that view of the evidence most favorable to the party against whom it is directed, giving to that party the benefit of all favorable inferences that may reasonably be drawn from the evidence. Farmland Service Coop, Inc. v. Klein, 196 Neb. 538, 244 N. W. 2d 86 (1976).

Here, resolution of the question as to whether there is a genuine issue of material fact depends upon the credibility of witnesses. When the testimony of the parties is in conflict and credibility is a factor, summary judgment is not proper.

The issue to be determined is the number of non-pregnant cows for which credit should be given. We vacate the summary judgment and remand the cause for a trial on the merits, with each party to pay his own costs in this court.

REVERSED AND REMANDED WITH DIRECTIONS.

CLINTON, J., dissenting.

I respectfully dissent because I believe the opinion of the court does not fairly and accurately state the record in this case. There is no evidence which contradicts the deposition testimony of the defendant on the issue of the number of cows not pregnant, or which had lost their calves before January 24, 1974. The opinion accurately reflects the first sworn testimony of Blome given on July 23, 1975, and that does not in any way contradict the testimony of Hottell, but in fact supports it by the statement that some of the cows "had lost their calves." This was the day the cows were selected. There is no foundation for any testimony by Blome that would give any basis for his testimony as to what happened later.

The testimony of Blome in the deposition of November 12, 1976, is not correctly reflected in the opinion. There is not a word in the deposition about "14 cows that were pregnant right close up to calving." The full testimony on the point is: "the next day when we went down and sorted up the cows and he took 74 cows. He picked out 60 cows that had calves on them and then he picked out the rest of the cows that were right close up to pregnant and I told him — he cut the rest of them off and I said, 'It don't make no difference how many you cut off, those dry cows will bring as much as the others.' " This testimony contains no statement that the cows were

pregnant and close to calving. What the phrase "close up to pregnant" means is anybody's guess.

In Eden v. Klaas, 165 Neb. 323, 85 N. W. 2d 643, we said that testimony (in that case an affidavit) "opposing the rendition of a summary judgment to be effective must be made on personal knowledge, must set forth such facts as would be admissible in evidence in detail and with precision, and must show affirmatively that the affiant is competent to testify to the matters stated therein." The testimony of Blome in the deposition of November 12, 1976, does not meet that standard. It is surely vague and imprecise and its meaning unintelligible. The record, as we have already noted, further shows that there is no foundation for testimony by Blome as to what may have been the facts with reference to calving after the cows were delivered.

It is fairly apparent that both parties testified fully. A trial on the merits is useless. The result is going to be the same in any event.