MULLER ENTERPRISES, INC., APPELLANT, v. SAMUEL M. GERBER ET AL., APPELLEES.

142 N. W. 2d 593

Filed May 20, 1966. No. 36122.

Haney, Walsh & Wall, for appellant.

Howard B. Westering, for appellees.

Heard before CARTER, SPENCER, BOSLAUGH, BROWER, SMITH, and McCOWN, JJ., and KOKJER, District Judge.

BROWER, J.

This is the second appearance of this case in this court. Our previous opinion appears in Muller Enterprises, Inc. v. Gerber, 178 Neb. 463, 133 N. W. 2d 913.

In our previous opinion Muller Enterprises, Inc., and Robert Muller were designated as plaintiff or Muller, and Samuel M. Gerber and Samuel Gerber Advertising Agency, Inc., were referred to as defendant or Gerber. Those parties will be designated in the same manner herein.

The facts are outlined in the former opinion and only those necessary to explain our present decision will be mentioned.

At the previous trial in district court, the court entered judgment on August 23, 1963, which found the plaintiff and defendant had on December 8, 1960, entered into a valid and binding agreement whereby Gerber was to pay plaintiff Muller a "finders fee" of 10 percent of the closure fees received by Gerber as a result of Gerber's advertising program for Service Life Insurance Co., hereinafter referred to as Service Life. The trial court then referred the matter to a referee for an accounting of the balance due on the closure fees received by Gerber. The referee reported a balance of $10,926.80 due Muller on closures from March 1961 through December 1963, and the trial court on April 13, 1964, entered judgment against defendant therefor. The district court in its judgment of April 13, 1964, sustained in part a motion of the defendant and held that any transactions occurring between Gerber and the Service Life under a new contract between them entered into February 27, 1964, after original decree and order of reference would not be subject to the 10 percent finders fee. The decision of this court in Muller Enterprises, Inc. v. Gerber, *supra*, affirmed the judgment of the district

court in finding the parties had entered into a valid and binding agreement whereby Gerber was obligated to pay Muller 10 percent of the closure fees as well as the judgment for $10,926.80 entered on the referee's report.

However, on consideration of the cross-appeal, that part of the judgment of the trial court which held that any transactions under the new contract between Gerber and Service Life were not subject to the "Finders Contract" of December 8, 1960, was deemed by this court not to be responsive to the issues raised by the pleadings, inconsistent with the previous judgment, and not within its jurisdiction, and the same was reversed.

The mandate of this court was issued April 9, 1965, and filed in the district court April 12, 1965. It stated that no error was found in the judgment of the district court except with respect to that portion of the judgment which sustained in part the motion of Gerber asking approval of a new contract between Gerber and Service Life, and in that respect the judgment was reversed and in all other respects affirmed. It directed the trial court to proceed in conformity to the judgment and opinion of this court.

On April 13, 1965, Muller made and filed an application to the trial court for a further hearing to determine the additional liability of Gerber accruing since the previous order of reference and for modification of the judgment of the trial court of April 13, 1965, in the light of the mandate of this court.

On April 19, 1965, the trial court entered an order vacating its determination mentioned with respect to the subsequent contract between Gerber and Service Life. It directed the garnishees to pay into court a sufficient amount held by them under a temporary injunction to satisfy the judgment and interest. Payment in full thereof was made and defendant's supersedeas exonerated.

On April 30, 1965, plaintiff filed a second application for a further hearing to determine the amount of the defendant's accruing liability arising subsequent to the

referee's report. It had meàntime issued new garnishment process against Service Life and the Omaha National Bank. Plaintiff also served notice to take the deposition of one Jay Bercovici.

Defendant moved to quash the summons in garnishment, dissolve the garnishment, and filed a resistance to the taking of the deposition, and plaintiff, pursuant to permission of the court, filed a resistance to defendant's several motions.

On June 3, 1965, the trial court entered its order finding it was without jurisdiction to consider or adjudicate the controversy between the parties without the consideration of the contract between defendant and Service Life of February 27, 1964, which this court had held was without the issues. The order thereupon quashed the two summonses in garnishment and the notice to take the deposition, and dismissed the application for a determination of accruing liability of the plaintiff without prejudice to any future action by either party.

From this order of June 3, 1965, the plaintiff appeals to this court, contending the trial court erred in concluding it was without jurisdiction to consider or adjudicate the accruing liability of the defendant to plaintiff by reason of the original contract of the parties set forth in our previous opinion.

We sustain the assignment of error.

An opinion of the Supreme Court, which by reference is made a part of the mandate, must be examined to determine the judgment to be entered or the action to be taken by the trial court on remand. Master Laboratories, Inc. v. Chesnut, 157 Neb. 317, 59 N. W. 2d 571. Our previous opinion affirmed the judgment of the trial court in all respects except as hitherto noted. The original judgment of the trial court of August 23, 1963, to which a copy of the agreement of December 8, 1960, was attached, held the same was a valid and existing contract between the parties. It determined plaintiff was entitled to receive from the defendant 10 percent of the amount re-

ceived by the latter for leads or closures pursuant thereto but not for renewals. It appointed a referee to take and render an accounting in accordance with the findings. It expressly found it "should retain jurisdiction of the subject matter and of the parties, Muller Enterprises, Inc., Samuel M. Gerber and Samuel Gerber Advertising Agency, Inc., for the purpose of hearing and determining such other and further matters by way of accounting as may in the future be required by the passage of time and the presently executory nature of the contract, such hearing or hearings to be upon such notice as the Court shall direct after written application therefor."

The judgment of April 13, 1964, contained the following: "It is therefore ordered and decreed that any bona fide transaction or transactions past or future, by or between the defendant Samuel Gerber Advertising Agency, Inc. and Service Life Insurance Company of Omaha pursuant to the agreement referred to as Exhibit A (the contract of February 27, 1964) in said motion would not be subject to the contract sued on herein, a copy of which is attached to the original decree herein; and that payments made or to be made as a result of such transactions are not subject to the reservation of jurisdiction in the decree herein." These quoted provisions of the judgments, affirmed by this court except as hitherto stated, clearly reserved jurisdiction to enforce necessary accounting in the future.

In our previous decision, this court stated: "The contract is executory on Gerber's part and it seems to us that it clearly contemplates that the duration of the obligation is commensurate with Gerber's performance, which he may terminate at any time." Muller Enterprises, Inc. v. Gerber, 178 Neb. 463, 133 N. W. 2d 913.

The opinion of the trial court and of this court clearly recognized the possible necessity of further accounting to carry out the purpose and intent of the judgment. "After remand, the lower court has the power and duty,

by execution or otherwise, to enforce a judgment which is in that court by reason of its judgment having been affirmed, or which has been entered by it in pursuance of a mandate of the appellate court, or which has been sent back to it for execution; and, generally, it has no power to stay, enjoin, or interfere with, the enforcement of the judgment." 5B C. J. S., Appeal & Error, § 1977, p. 614. If a re-reference is necessary to carry into effect the enforcement of the judgment of the trial court affirmed by this court, the trial court has power to so do. See 5B C. J. S., Appeal & Error, § 1976, p. 613. It is clear that the judgment of the trial court and the opinion of this court contemplated the completion of the accounting with respect to the agreement between the plaintiff and the defendant. The plaintiff is entitled to receive 10 percent of all closure fees received by defendant which arise under the contract of the parties of December 8, 1960.

"Where a court of equity has obtained jurisdiction of a case for any purpose, it will retain it for all, and will proceed to a final determination of the case, adjudicate all matters in issue, and thus avoid unnecessary litigation." Zwink v. Ahlman, 177 Neb. 15, 128 N. W. 2d 121. "Public interest requires that there shall be an end to litigation, and when a cause has received the consideration of this court, has had its merits determined, and has been remanded with specific directions, the court to which such mandate is directed has no power to do anything other than to enter judgment in accordance with such mandate." Berg v. Midwest Laundry Equipment Corp., 178 Neb. 770, 135 N. W. 2d 457.

The trial court erred in finding it had no jurisdiction to consider or adjudicate the accruing liability of the defendant to the plaintiff under the contract entered into on December 8, 1960.

Its judgment is therefore reversed and the cause remanded for further proceedings, with leave to file addi-

tional pleadings, if necessary, in accordance with this opinion.

REVERSED AND REMANDED WITH DIRECTIONS.