MERWIN E. JAMESON ET AL., APPELLEES, V. GILBERT NELSON ET AL., APPELLANTS.

341 N.W.2d 596

Filed December 23, 1983. No. 82-610.

Steven A. Russell of Jacobsen, Orr & Nelson, for appellants.

Tye, Worlock, Tye, Taylor & Hopkins, for appellees.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

WHITE, J.

This is an appeal from a judgment on the mandate issued by this court in *Jameson v. Nelson*, 211 Neb. 259, 318 N.W.2d 259 (1982). The facts are sufficiently set forth in that opinion, and only those necessary to the disposition of the matter will be repeated.

At issue in the principal case was construction of a drainage system which "consisted of the ditch along the south line of the north half of Section 8 beginning at the point where the defendants contend the natural draw or depression begins and extending eastward approximately 3,000 feet. The ditch is

approximately 50 feet wide at the top with the sides sloping to a flat bottom approximately 12 feet wide. The ditch is 9 feet deep at its greatest depth. It is to be located wholly upon Nelsons' land. The completed project would also contain two branch drains extending northerly from the ditch into the northeast quarter to drain the pond and lagoon areas." *Id.* at 262, 318 N.W.2d at 262.

In reversing the judgment of the trial court, we held at 266, 318 N.W.2d at 264, that "a natural depression or draw into which surface waters were wont to flow in a state of nature does not exist at the point on the defendants' land where the proposed ditch empties. *We hold, therefore, that the defendants are not entitled to drain the ponds and other surface waters from the northeast quarter of Section 8 into the draw on the southwest quarter of Section 8.*" (Emphasis supplied.) We then remanded "for entry of a decree granting appropriate relief in accordance with this opinion." *Id.* at 267, 318 N.W.2d at 264.

On remand the trial court entered a judgment on the mandate. "IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the judgment of the Court in favor of the Defendants denying Plaintiffs' request for permanent injunction be, and the same is hereby reversed, the Defendants being hereby permanently enjoined from draining waters currently existing upon Defendants' lands as well as future surface and flood waters on or upon the lands of the Plaintiffs *and that the ditch running in an East and West direction upon Defendants' lands and just North of the property line between the properties of the parties hereto is hereby ordered to be closed and said lands returned to their original state prior to the beginning of construction of the ditch on or about the 5th day of February, 1980, said work to be done and completed and said lands restored in no more than sixty (60) days from the date hereof . . . ."* (Emphasis supplied.)

The single error assigned is, "The Judgment Upon Mandate of the Supreme Court entered by the trial court exceeded the scope of the original mandate." Brief for Appellants at 1.

Appellants argue, and we agree, that on remand the trial court has no alternative except to follow the directions given. *De Lair v. De Lair*, 148 Neb. 393, 27 N.W.2d 540 (1947); *Marksbury & Washington v. Board of Education*, 199 Neb. 283, 258 N.W.2d 242 (1977).

Our directions were of necessity general and designed to be remedial. In essence, appellants suggest in their brief that the remedy sought was to prevent water from the ditch and laterals from flowing on appellees' land and that a simple plug in the ditch at the point where it joined the existing ditch was sufficient to ensure the results ordered; that the ditch was helpful and beneficial to the appellants' land, even without an outlet; and that the lower court exceeded its authority in directing the entire ditch filled.

We note, however, that these factual matters are asserted in appellants' brief only, and there is no bill of exceptions.

Obviously, the complete closing of the ditch will afford the relief directed by this court. In the absence of any evidence that the relief ordered by the judgment on the mandate is in excess of that necessary to accomplish that result, the judgment on the mandate must be affirmed.

AFFIRMED.