STATE OF NEBRASKA, APPELLEE, V. WALTER W. ROLLING, APPELLANT.

366 N.W.2d 441

Filed April 26, 1985.   No. 84-757.

Walter W. Rolling, pro se.

Vincent Valentino, York County Attorney, and Charles W. Campbell, for appellee.

KRIVOSHA, C.J., BOSLAUGH, WHITE, HASTINGS, CAPORALE, SHANAHAN, and GRANT, JJ.

KRIVOSHA, C.J.

This is the fourth appearance of this matter in this court. Initially, the appellant, Walter W. Rolling, was charged in a five-count information and convicted. The facts are more fully set out in *State v. Rolling*, 209 Neb. 243, 307 N.W.2d 123 (1981) (*Rolling I*), where we affirmed the convictions, and need not be repeated here. In *Rolling I* we noted plain error in that the sentences imposed by the district court were contrary to the provisions of Neb. Rev. Stat. § 29-2221 (Reissue 1979) and therefore invalid. We set aside the sentences and remanded the cause to the district court with instructions to impose proper sentences. Upon remand the district court once again failed to

impose the sentences minimally required by the provisions of § 29-2221. Rolling elected not to file a direct appeal but, instead, sought post conviction relief pursuant to the provisions of Neb. Rev. Stat. § 29-3001 (Reissue 1979). The district court denied Rolling's petition, and on appeal to this court we affirmed without opinion under Neb. Ct. R. 7B(2) (Rev. 1983) (*Rolling II*). Dissatisfied with that result, Rolling filed a second petition seeking post conviction relief, and once again the district court dismissed his petition. On appeal to this court we reviewed Rolling's claim in detail and determined that the sentences imposed by the district court failed to conform to the requirements of § 29-2221. (See *State v. Rolling*, 218 Neb. 51, 352 N.W.2d 175 (1984) (*Rolling III*).) We therefore vacated the sentences and once again remanded the cause to the district court with directions to impose proper sentences. Upon receiving the mandate in *Rolling III*, the district court entered judgment on the mandate and sentenced Rolling in accordance with the provisions of § 29-2221. It is from the judgment on the mandate that Rolling once again appeals to this court, assigning a number of errors, none of which go to the district court's action in entering the judgment on the mandate. For reasons more particularly set out hereinafter, we affirm the action of the district court in imposing sentences in accordance with our previous mandate.

An examination of the sentences imposed discloses, without question, that the district court has now sentenced Rolling consistent with the requirements of § 29-2221 and our opinion in *Rolling III*. There is therefore nothing before this court to be reviewed. It has long been the rule in this jurisdiction that there must be an end to the litigation of a particular cause, and an alleged litigant may not have de novo trial after trial, ad infinitum, simply on the basis that he is dissatisfied with the final results. See, *Gates v. Howell*, 211 Neb. 85, 317 N.W.2d 772 (1982); *Jurgensen v. Ainscow*, 160 Neb. 208, 69 N.W.2d 856 (1955).

It is a fundamental principle of law that on remand the district court has no alternative except to obey and perform the mandate of the Supreme Court. *Jameson v. Nelson*, 216 Neb. 26, 341 N.W.2d 596 (1983); *Muller Enterprises, Inc. v. Gerber*,

180 Neb. 318, 142 N.W.2d 593 (1966). In *Jurgensen, supra* at 211, 69 N.W.2d at 858, we said:

> "When a particular judgment is directed by the appellate court, the lower court is not acting of its own motion, but in obedience to the order of its superior. What that superior says it shall do, it must do, and that alone. Public interests require that an end shall be put to litigation, and when a given cause has received the consideration of this court, its merits determined, and then remanded with specific directions, the court to which such mandate is directed has no power to do anything but to obey the mandate; otherwise, litigation would never be ended, and the supreme tribunal of the state would be shorn of that authority over inferior tribunals with which it is invested by our fundamental law. . . ."

Rolling does not contend that the sentences imposed by the district court do not conform to our opinion in *Rolling III*. Rather, he raises for the first time issues concerning alleged violations of his constitutional rights. Specifically, Rolling argues that the imposition of the lawful sentences imposed by the district court pursuant to our mandate violates his fifth, eighth, and fourteenth amendment rights guaranteed by the Constitution of the United States. In effect, Rolling is appealing this court's decision in *Rolling III* and not the judgment on the mandate. This, of course, he cannot do. Much of the confusion is caused because the district court permitted Rolling to file what he termed a "supplemental petition" at the hearing at which he was to be resentenced pursuant to our mandate. No authority is cited which would authorize this procedure, and we are unable to find any such authority. The district court's apparent indifference to procedure at the sentencing hearing is in part responsible for the confusion which followed.

In view of the fact that the sentences imposed by the district court are in accordance with our opinion in *Rolling III* and the mandate issued by this court, there is nothing more for us to review. The judgment of the district court in imposing such sentences is affirmed.

AFFIRMED.