STATE OF NEBRASKA, APPELLEE, V. SAM J. HINN, APPELLANT.
427 N.W.2d 791

Filed August 19, 1988.   No. 87-499.

Michael T. Varn for appellant.

Robert M. Spire, Attorney General, and James H. Spears for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

HASTINGS, C.J.
This is an appeal from the district court for Sheridan County in which the defendant, Sam J. Hinn, was convicted of second degree arson and burning with intent to defraud an insurance company.

An information was filed in the district court for Sheridan County, Nebraska, on September 8, 1986, alleging that on or about the 19th day of April, 1986, the defendant did:

> Count I - then and there intentionally damage a building by starting a fire or causing an explosion, to-wit: Hinn's Ranchland at 124 South Main Street, Rushville, Nebraska; and

> Count II - with the intent to deceive or harm an insurer, did then and there set fire to, burn or attempt to burn; cause to be burned; or aid, counsel or procure the burning of Hinn's Ranchland located at 124 South Main Street in Rushville, Nebraska which property was at the time insured by the State Farm Insurance Company against loss or damage by fire.

A pretrial conference was held on February 24, 1987. The district court ordered each side to submit a list of witnesses intended to be called for the case in chief. This in part resulted from defendant's October 15, 1986, motion for discovery, demanding the names of all prosecution witnesses. The court, in its journal entry relating to pretrial matters, granted that motion and, additionally, allowed reciprocal discovery by the State, as provided for in Neb. Rev. Stat. § 29-1916 (Reissue 1985). Both the State and the defendant complied with the court's order.

Trial commenced on March 4, 1987, where it was established that the defendant was the owner of Hinn's Ranchland, a western wear and supply store, and that State Farm Insurance

carried the fire insurance policy on the establishment. The primary issue at trial was the cause of the fire. The State's evidence consisted in part of testimony from a deputy state fire marshal, Gerald W. Larson, who had conducted an on-site investigation of the fire. Deputy Larson concluded that there was no natural cause for the fire, as it was fed by an accelerant. This was evident from observing burn patterns on the carpet and shelving. Deputy Larson determined that there were two different and separate areas of origin. These areas of "low burning" in the basement and the boot room of the establishment were then examined for natural fire causes (electrical, gas, etc.) in the area. None was found.

Deputy Larson testified to the fact that the electrical system was in good shape. After examining all the evidence he could discover in the case, he concluded that the fire was an arson fire. Additional State's evidence included a showing of the presence of evaporated gasoline in the air, and two pieces of cloth with a distinct odor of gasoline on them. One was a shirt cuff, found in the basement, containing evaporated gasoline and evaporated heavy petroleum distillate. Oil and petroleum tests were also done and resulted in a positive showing in the boot room area.

The defendant's chief witness was Eugene O'Loughlin, a retiree from the Omaha Fire Department. He felt that the source of the fire was the heat from an electrical box, which ignited a nearby wooden beam.

During the trial, the defense attempted to call one David Hunt, whose name did not appear on the pretrial witness list submitted by defense counsel. It was the position of the defense that a rebuttal witness need not appear on the list. Defense counsel made an offer of proof that Hunt would have testified

> that the circuit breaker box was hot about a year before the fire approximately, that he was called there, because there was a problem with the air conditioner. That he checked the air conditioner, and the air conditioner, its circuit and wiring was okay, but there had to be some reason for a box being hot.

The record does not disclose the qualifications of the proposed witness or whether additional inspection or corrective actions

had been made or taken. The defense made a formal motion to the court to enlarge the court's order to allow Hunt to testify. The State objected, as the witness was not previously disclosed.

The court found that the rules regarding pretrial conferences apply to a criminal defendant and had not been complied with. The court stated that the witness was incompetent to testify, stated that Hunt was not a rebuttal witness, and refused to expand the pretrial order. In making its ruling, the court also considered the remoteness of the profferred testimony.

The jury returned verdicts of guilty on both counts on March 20, 1987. On April 27, 1987, the defendant was sentenced to a term of imprisonment of 2 to 12 years on count I and to a term of imprisonment of 5 years on count II. The sentence were ordered to run concurrently.

The defendant challenges the district court's refusal to expand the pretrial order and alleges that his sentences were excessive.

Although, as a general rule, a trial court has broad discretion in regard to amendment of a pretrial order, and its ruling with respect thereto will not be disturbed absent an abuse of that discretion, we do not agree with the court that the general rules regarding pretrial conferences apply to criminal defendants. However in this instance, by statute, the defendant, having requested a list of the State's witnesses, was bound by the reciprocal requirement of § 29-1916, and his failure to comply authorized the court to prohibit him from calling the unlisted witness. Neb. Rev. Stat. § 29-1919 (Reissue 1985).

In any event, it is within the trial court's discretion to admit or exclude evidence on the ground of relevancy, and such rulings will be upheld on appeal absent an abuse of discretion. *State v. Methe*, 228 Neb. 468, 422 N.W.2d 803 (1988). As stated in *State v. Oliva*, 228 Neb. 185, 188-89, 422 N.W.2d 53, 55 (1988):

> The argument is not that the evidence fails to address a material issue (physical ability), but that the evidence is so lacking in probative force that it should have been excluded. The modern view, however, is that evidence is probative if it tends in any degree to alter the probability of a material fact. [Citations omitted.] The view is

codified in § 27-401: "Relevant evidence means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

In this instance, evidence that a circuit breaker box had been "hot" on a previous occasion 1 year earlier, without more, would not have any tendency to disprove the probability of a material fact; i.e., that the presence of accelerants discounted the possibility of a natural cause of the fire. The court did not err in refusing to allow the testimony of the witness Hunt.

As to the defendant's excessive sentence claim, count I, second degree arson, is a Class III felony pursuant to Neb. Rev. Stat. § 28-503(3) (Reissue 1985). The penalty upon conviction of a Class III felony is found at Neb. Rev. Stat. § 28-105(1) (Reissue 1985), and imposes a maximum penalty of 20 years' imprisonment, a $25,000 fine, or both. The minimum penalty is 1 year's imprisonment.

Count II, burning with intent to defraud an insurer, is a Class IV felony pursuant to Neb. Rev. Stat. § 28-505 (Reissue 1985). The penalty upon conviction of a Class IV felony is found at § 28-105(1), and imposes a maximum penalty of 5 years' imprisonment, a $10,000 fine, or both. There is no minimum statutory penalty.

A sentence imposed within the limits prescribed by a statute will not be disturbed on appeal unless there appears to be an abuse of discretion. *State v. Moreno*, 228 Neb. 210, 422 N.W.2d 56 (1988); *State v. Frelo*, 228 Neb. 122, 421 N.W.2d 447 (1988).

The sentences imposed upon the defendant were well within the limits prescribed by statute, yet the defendant contends that probation or a short term of imprisonment would have been more appropriate and that the district court abused its discretion in sentencing the defendant to a lengthy term of imprisonment.

Specifically, an order denying probation and imposing a prison sentence within the statutory limits will not be overturned on appeal, absent an abuse of discretion. *State v. McCoy*, 228 Neb. 178, 421 N.W.2d 780 (1988).

In imposing a sentence a trial court should consider

inter alia the defendant's age, mentality, education, experience, and social and cultural background, as well as his past criminal record or law-abiding conduct, motivation for the offense, nature of the offense, and the amount of violence involved in the commission of the crime.

*Moreno, supra* at 218, 422 N.W.2d at 62. The seriousness of the offense involved is an important factor in the setting of a sentence. Also relevant to the determination of a proper sentence is evidence as to defendant's life, character, and previous conduct.

At the sentencing proceeding, the trial court was certainly aware of these relevant factors, and gave deference to the defendant as follows:

I am extremely conscious that he is 66 years old. I am extremely conscious that it has [been] almost 30 years since he was convicted of a crime. I am extremely conscious that he has served his country well, and was honorably discharged. These things, particularly being a veteran are in my judgment big pluses for him.

The defendant's familial relationships were also fully considered prior to imposing sentence.

With regard to the seriousness of the crime, the court noted that the defendant had tried to cheat State Farm Insurance out of over a quarter of a million dollars and that his actions caused personal damage to firefighters.

The defendant's attorney sought probation for the defendant and reviewed the sentencing criteria, in Neb. Rev. Stat. § 29-2260 (Reissue 1985), which provide for probation:

(2) Whenever a court considers sentence for an offender convicted of either a misdemeanor or a felony for which mandatory imprisonment is not specifically required, the court may withhold sentence of imprisonment unless, having regard to the nature and circumstances of the crime and the history, character and condition of the offender, the court finds that imprisonment of the offender is necessary for protection of the public because:

(a) The risk is substantial that during the period of probation the offender will engage in additional criminal

conduct;

    (b) The offender is in need of correctional treatment that can be provided most effectively by commitment to a correctional facility; or

    (c) A lesser sentence will depreciate the seriousness of the offender's crime or promote disrespect for law.

The district court, after considering all of the factors listed above, noted one overriding concern in passing sentence:

    And there is one overriding concern in this case, and that is, that there are so many people either on the brink of, or over the edge of disaster in this country, who simply cannot stand to hear that a man made a good run at cheating somebody out of a quarter of a million dollars by burning down a building and walked away from it, and that is what they would think.

It is clear from the district court's comments that it felt very strongly that a lesser sentence would depreciate the seriousness of the offender's crime and promote disrespect for the law. § 29-2260(2)(c).

In his brief, the defendant proposes that a sentence not involving confinement is to be preferred to a sentence involving partial or total confinement, in the absence of affirmative reasons to the contrary. In doing do, the defendant cites *State v. Shonkwiler*, 187 Neb. 747, 194 N.W.2d 172 (1972), where complete restitution of $129.67 had been made for the crime of burglary. We stated that the above proposition was particularly true in the case of first offenders, and even more so when those first offenders are youthful.

In contrast, the defendant in this case was 66 years old, and had previously been convicted of the crime of branding another's livestock and sentenced to 2 years' probation. The crime at hand was most serious, as the value of Hinn's Ranchland approximated $250,000.

In addition, the defendant advances that one of the basic principles in determining the appropriate sentence is the possibility of rehabilitation, and cites *State v. Gundlach*, 192 Neb. 692, 224 N.W.2d 167 (1974). The trial judge recognized the possibility of probation and summarized his reasons for denying it as follows:

As a general rule in an arson case of any magnitude, and this one is one of magnitude, probation is not likely, certainly not automatic. Now, I am not saying this doesn't happen, but in a case where the Defendant maintains that he didn't do it probation is more unlikely than in a case where he says, "I am guilty. I am sorry for what I did. I am willing to take the consequences." That shows the first step toward rehabilitation, and that is what probation is all about. A man cannot commit the crime of arson, serious crime of arson and maintain that he didn't do it, and then say that he wants to be rehabilitated by probation.

The trial court correctly ruled out probation.

We conclude that the trial court did not abuse its discretion. The sentences imposed were commensurate with the magnitude of the crime and the status of the defendant, and fell within the statutory range of penalties permitted. The judgment of the trial court is affirmed.

AFFIRMED.