STATE OF NEBRASKA, APPELLEE, V. DOUGLAS H. JENSON,
APPELLANT.
440 N.W.2d 686

Filed June 2, 1989.   No. 88-473.

Anthony S. Troia for appellant.

Robert M. Spire, Attorney General, and Denise Frost for appellee.

HASTINGS, C.J., WHITE, CAPORALE, and FAHRNBRUCH, JJ., and COADY, D.J.

PER CURIAM.

Defendant, Douglas H. Jenson, having pled no contest to third offense drunk driving, appeals, asserting the district court erred in failing to find that the county court committed error in (1) engaging in presentence ex parte conversation with the prosecution and (2) imposing an excessive sentence. We affirm.

Jenson successfully challenged in the district court his initial sentence of incarceration for a period of 90 days, suspension of his driver's license for 15 years, and a fine of $500 when the district court found that the county judge imposing that sentence had improperly relied on information in the presentence report which came from anonymous callers. The district court affirmed the finding of guilt but remanded the matter to the county court for resentencing by another county court judge. No appeal was taken from that district court decision, and we thus do not concern ourselves with it any

further.

The second county court judge, following a hearing, imposed a sentence identical to that imposed initially. This appeal is from that sentence.

On the occasion of the second sentencing, Jenson, through his attorney, conveyed his impression that the judge had held ex parte communications concerning the matter with the prosecution. The judge denied such, replying:

> The prosecution has not talked with me about this matter at all. There was a conversation in the antechambers of the trial court, in which I was quite frankly puzzled. And I subsequently went to [the district judge remanding the matter] and asked him to clarify it for me. . . . I have not discussed this matter with [the county judge imposing the initial sentence], other than to say in passing, "I understand I'm going to handle some case that you had." And that has been the total substance of the discussion.
>
> I have not discussed this matter with a member from the prosecutor's office. I had a puzzlement as to how I was supposed to — my original — without seeing [the district judge's] order — thought was that I was to handle this without some review at all of the probation office file. And not of course having heard the case, I was amazed at how I was supposed to do this.
>
> And insofar as any conversations with the prosecutor's office or any other judges regarding the contents of this matter, I haven't had any.

The judge then went on to say that he had been given a presentence report, from which had been excised the material the district court had found to be improperly considered.

It appears that Jenson was satisfied with the second sentencing judge's explanation of what occurred and had no objection thereto, because Jenson at no time asked that judge to recuse himself. Nonetheless, he now, on the strength of *State v. Barker*, 227 Neb. 842, 420 N.W.2d 695 (1988), argues that the judge should have recused himself because of improper ex parte communications not with the district judge remanding the matter, but with the prosecution.

In *Barker*, the defendant was convicted of manslaughter.

Shortly after the verdict was announced, the prosecutor informed the trial judge that certain members of the victim's family wished to visit with him. Notwithstanding the objections of defendant's counsel and counsel's refusal to participate in the discussions, the judge visited with the family in the absence of the prosecutor and defense counsel and without recording what was said. That same judge later imposed sentence notwithstanding defendant's request that the judge recuse himself in view of the meeting he had had with the victim's family. In setting aside the sentence and remanding the matter for resentencing by another judge, we ruled that a judge who initiates or invites and receives an ex parte communication concerning a pending or impending proceeding must recuse himself or herself from the proceedings when a litigant requests such recusal, irrespective of whether the litigant shows prejudice.

It is obvious that the *Barker* rule does not apply to the facts presently before us. Firstly, the record fails to show there was any ex parte communication between the second judge and the prosecution, as Jenson claims. Secondly, even if the record had shown such, Jenson made no request that the second judge recuse himself. One cannot know of improper judicial conduct, gamble on a favorable result by remaining silent as to that conduct, and then complain that he or she guessed wrong and does not like the outcome. See, *Fisher Corp. v. Consolidated Freightways,* 230 Neb. 832, 434 N.W.2d 17 (1989); *Pitt v. Checker Cab Co.,* 217 Neb. 600, 350 N.W.2d 507 (1984).

Nor does the record support the second assignment of error, in connection with which Jenson argues he should have been placed on probation. The presentence report reveals that he had been placed on probation for drunk driving on three earlier occasions. The fact he is before the courts on such a charge again more than amply establishes that probation is not an appropriate sentence for him. The applicable rule is that an order denying probation and imposing a prison sentence within the statutory limits will not be overturned on appeal absent an abuse of discretion. *State v. Byrd,* 231 Neb. 231, 435 N.W.2d 898 (1989); *State v. Hinn,* 229 Neb. 556, 427 N.W.2d 791 (1988). See, also, *State v. Jones,* 230 Neb. 528, 432 N.W.2d 523 (1988).

Third offense drunk driving is a Class W misdemeanor, conviction of which, under the circumstances, made Jenson subject to an order not to drive for a period of 15 years, Neb. Rev. Stat. § 39-669.07 (Supp. 1987), to imprisonment for a period of not less than 3 months nor more than 6 months, and to a fine of $500. The sentence is within the statutory limits, and the record shows no abuse of discretion.

AFFIRMED.

CAPORALE, J., concurring.

Although I agree with the resolution reached by the majority, I write separately because its opinion fails to explain the basis for its correct statement that "the record fails to show there was any ex parte communication between the second judge and the prosecution."

According to *State v. Barker*, 227 Neb. 842, 420 N.W.2d 695 (1988), the provisions of Neb. Rev. Stat. § 27-605 (Reissue 1985) prohibit a judge presiding at a trial from testifying in that trial on any matter whatsoever, and the fact that such a judge was not sworn as a witness does not remove his or her incompetency to testify. *Barker* further establishes that it was not necessary for the State to have objected to the judge's statements to preserve the point of his incompetency. Thus, the comments of the judge in question must be treated as if he had remained silent. It is because of that legal reality and the fact that there is no other evidence of an ex parte conversation between the judge and the prosecution that the record fails to support defendant Douglas H. Jenson's claim.

If the majority's silence in regard to a judge's incompetency to testify at a trial over which he or she is presiding signals some doubt about what this court said in that regard just a bit more than a year ago in *Barker*, we ought to deal with the issue and not be content with writing a mystery.