STATE OF NEBRASKA, APPELLEE, V. DOUGLAS H. JENSON,
APPELLANT.

464 N.W.2d 326

Filed January 4, 1991.   No. 90-008.

Glenn A. Shapiro, of Gallup & Schaefer, for appellant.

Robert M. Spire, Attorney General, and Gary P. Bucchino, Omaha City Prosecutor, and J. Michael Tesar for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

PER CURIAM.

Upon a plea of no contest to operating a motor vehicle while under the influence of alcoholic liquor, third offense, the defendant, Douglas H. Jenson, was sentenced to jail for 90 days and fined $500, and his operator's license was suspended for 15 years. Upon appeal to the district court, the judgment was affirmed. The judgment was affirmed by this court on June 2, 1989, in *State v. Jenson*, 232 Neb. 403, 440 N.W.2d 686 (1989). The mandate of this court was issued on August 9, 1989.

After the mandate of the district court had been filed in the trial court, the defendant, on September 11, 1989, filed a "Motion to Review Sentence and Judgment of the Court" under Neb. Rev. Stat. § 29-2308.01 (Reissue 1989). The motion alleged that since the sentencing, the defendant had been a model citizen, had been to inpatient treatment, and had rehabilitated himself to such an extent that he should be considered for probation, and the defendant prayed that his sentence be reduced to probation. Jenson argued also that the 1988 amendments to Neb. Rev. Stat. § 39-669.07 (Reissue 1988) should apply to his sentence.

This motion was overruled on September 21, 1989, and the order was affirmed in the district court on December 15, 1989. The defendant has now appealed from that judgment to this court.

In this court, the defendant bases his appeal on § 39-669.07, which was amended effective July 9, 1988, while his prior appeal was pending in this court.

The amended statute provides that convictions more than 10 years prior to the date of the current conviction may not be considered for the purpose of enhancement of the sentence.

Since all but one of the defendant's prior convictions were more than 10 years old, Jenson contends that under the amended statute he can be sentenced in this case for only a second offense, not a third offense.

Jenson argues that where a criminal statute has been amended by mitigating the punishment after commission of a prohibited act but before final judgment, the punishment is that provided by the amendatory act unless the Legislature has specifically provided otherwise, and that the phrase "before final judgment" includes cases on appeal. See *State v. Randolph*, 186 Neb. 297, 183 N.W.2d 225 (1971).

Section 39-669.07(c) (Reissue 1988) provided, in pertinent part, as follows:

> If such person (i) has had *two or more convictions under this section in the ten years prior to the date of the current conviction*, (ii) *has been convicted two or more times* under a city or village ordinance enacted pursuant to this section *in the ten years prior to the date of the current conviction* . . . such person shall be guilty of a Class W misdemeanor, and the court shall, as part of the judgment of conviction, order such person not to drive any motor vehicle . . . for any purpose for a period of fifteen years . . . .

(Emphasis supplied.)

Prior to the 1988 amendment, the statute permitted the use of any prior conviction no matter how remote in time for the purpose of enhancement. Cf. § 39-669.07 (Supp. 1987).

The problem with the defendant's contention is that the 1988 amendment to § 39-669.07 did not reduce the penalty for third-offense driving while under the influence, but merely changed the proof which can be used to establish that the offense is a third offense. Consequently, the rule stated in *State v. Randolph, supra*, does not apply.

There is a further reason why the defendant is not entitled to a reduction in his sentence in this case. After this court affirmed the judgment in his prior appeal and issued its mandate, the district court and the trial court could not consider a reduction in the sentence on a theory that the sentence, which had been affirmed, was erroneous or illegal.

As we said in *State v. Rolling*, 219 Neb. 800, 801-02, 366 N.W.2d 441, 442-43 (1985):

> It is a fundamental principle of law that on remand the district court has no alternative except to obey and

perform the mandate of the Supreme Court. *Jameson v. Nelson*, 216 Neb. 26, 341 N.W.2d 596 (1983); *Muller Enterprises, Inc. v. Gerber*, 180 Neb. 318, 142 N.W.2d 593 (1966). In *Jurgensen* [*v. Ainscow*, 160 Neb. 208, 211, 69 N.W.2d 856, 858 (1955)], we said: " 'When a particular judgment is directed by the appellate court, the lower court is not acting of its own motion, but in obedience to the order of its superior. What that superior says it shall do, it must do, and that alone. Public interests require that an end shall be put to litigation, and when a given cause has received the consideration of this court, its merits determined, and then remanded with specific directions, the court to which such mandate is directed has no power to do anything but to obey the mandate; otherwise, litigation would never be ended, and the supreme tribunal of the state would be shorn of that authority over inferior tribunals with which it is invested by our fundamental law. . . .' "

Rolling does not contend that the sentences imposed by the district court do not conform to our opinion in *Rolling III* [*State v. Rolling*, 218 Neb. 51, 352 N.W.2d 175 (1984)]. Rather, he raises for the first time issues concerning alleged violations of his constitutional rights. Specifically, Rolling argues that the imposition of the lawful sentences imposed by the district court pursuant to our mandate violates his fifth, eighth, and fourteenth amendment rights guaranteed by the Constitution of the United States. In effect, Rolling is appealing this court's decision in *Rolling III* and not the judgment on the mandate. This, of course, he cannot do.

In *State v. Horr*, 232 Neb. 380, 441 N.W.2d 139 (1989), we said:

The district court's only power and jurisdiction upon receipt of the Supreme Court's mandate is to enter judgment in accordance with that mandate and, if it served as an intermediate court of appeals, to issue its own mandate directing the inferior court to act in accordance with the district court's mandate.

(Syllabus of the court.) See, also, *Flowers v. United States*, 86

F.2d 79 (8th Cir. 1936).

In *Lampley v. State*, 308 So. 2d 87 (Miss. 1975), the Supreme Court of Mississippi held that the defendant was not entitled to be resentenced under a statute which was amended so as to reduce the penalty for rape where his sentence had been affirmed by the Supreme Court on March 4, 1974, his petition for rehearing had been denied on April 8, 1974, and the amendment to the statute had been approved by the Governor on April 23, 1974. The court held that the judgment of the trial court became final as of April 8, 1974, the date his petition for rehearing was denied by the Supreme Court, and the defendant was not entitled to the benefit of the statute as amended, which became effective after his sentence had become final.

The judgment of the district court is affirmed.

AFFIRMED.