STATE OF NEBRASKA, APPELLANT, V. DAVID E. FORAL, APPELLEE.
481 N.W.2d 583

Filed March 27, 1992.   No. S-91-249.

James S. Jansen, Douglas County Attorney, and Gregory R. Abboud for appellant.

Martin J. Kushner, of Kushner Law Office, for appellee.

HASTINGS, C.J., BOSLAUGH, WHITE, CAPORALE, SHANAHAN, GRANT, and FAHRNBRUCH, JJ.

HASTINGS, C.J.

The State has appealed from the judgment of the district court which reduced defendant's sentence of imprisonment to 15 months from its sentence of 5 years imposed as the result of a mandate of this court in *State v. Foral*, 236 Neb. 597, 462 N.W.2d 626 (1990) (*Foral I*). We again reverse, and remand with directions to the trial court to impose a sentence of imprisonment of 5 years.

In *Foral I*, defendant was sentenced to a term of

imprisonment of 5 years for the offense of operating a motor vehicle while his license was suspended for life or 15 years, a Class IV felony. On motion to reduce sentence under the provisions of Neb. Rev. Stat. § 29-2308.01 (Reissue 1989), the trial court reduced the sentence to one of probation for a term of 5 years. The State appealed, as permitted by Neb. Rev. Stat. § 29-2320 (Reissue 1989), claiming the sentence was excessively lenient. We agreed, pointing out that the defendant had been convicted of driving while intoxicated six times and twice of driving while under suspension, and of driving while intoxicated in the instant case when the defendant's license had been suspended. Accordingly, we determined that the sentence was excessively lenient and vacated the sentence of the trial court and remanded the cause with directions to resentence the defendant to the original sentence of imprisonment for 5 years. Neb. Rev. Stat. § 29-2323(1) (Reissue 1989) provided: "If [the Supreme Court] determines that the sentence imposed is excessively lenient, [it shall] set aside the sentence, and: (a) Remand the case for imposition of a greater sentence; (b) Remand the case for further sentencing proceedings; or (c) Impose a greater sentence." In *Foral I* this court, in effect, opted for the third alternative. We did not suggest that the trial court impose a greater sentence within its discretion, nor did we require further sentencing procedures. We directed the district court to impose a specific sentence, i.e., a resentencing of the defendant to the original sentence of 5 years' imprisonment.

"[O]n remand the district court has no alternative except to obey and perform the mandate of the Supreme Court." *State v. Rolling*, 219 Neb. 800, 801, 366 N.W.2d 441, 442 (1985). Accord *Jameson v. Nelson*, 216 Neb. 26, 28, 341 N.W.2d 596, 597 (1983) ("on remand, the trial court has no alternative except to follow the directions given"). Moreover,

> " '[w]here the appellate court remands a cause with directions to enter judgment for the plaintiff in a certain amount, the judgment of the appellate court is a final judgment in the cause and the entry thereof in the lower court is a purely ministerial act. No modification of the judgment so directed can be made, nor may any provision be engrafted on, or taken from it.' "

*Gates v. Howell,* 211 Neb. 85, 89, 317 N.W.2d 772, 775 (1982).

Contrary to the defendant's argument, *State v. Horr,* 232 Neb. 380, 441 N.W.2d 139 (1989) does not require the application of an exception created by § 29-2308.01. Section 29-2308.01 states:

> Any court which imposes a sentence for a criminal offense may reduce such sentence within one hundred twenty days after (1) the sentence is imposed or probation is revoked or (2) receipt by the court of a mandate issued *upon affirmance of the judgment or dismissal of the appeal.* No hearing shall be required concerning any request for reduction denied under this section.

(Emphasis supplied.) Thus, in *State v. Horr,* which may very well need to be revisited when the proper occasion arises, we held that when the county court received the mandate of this court affirming the defendant's conviction and sentence, it was then free to consider and grant the defendant's motion to reduce sentence under § 29-2308.01.

However, at most, the trial court's jurisdiction to modify a sentence after appeal is limited by the terms of § 29-2308.01 to cases in which the original sentence was affirmed or the appeal was dismissed. In either instance the appellate court, this court, has not given plenary consideration to the sentence and has not determined its propriety. Where the appeal was dismissed, this court obviously has not considered the merits of the sentence—or, for that matter, any other substantive aspect of the case. Where the judgment and sentence were affirmed, this court has not decided that the sentence was the correct one—it has only decided that the sentence does not embody an abuse of the trial court's discretion. *State v. Wilcox,* 239 Neb. 882, 479 N.W.2d 134 (1992).

However, once this court has considered the merits of a sentence and has found it to be excessively lenient and remands the cause with directions to enter a specific sentence, the trial court is without authority to reconsider the sentence under § 29-2308.01.

The judgment of the district court is reversed and the cause remanded with directions to sentence the defendant to a term of imprisonment of 5 years, with credit for any time served in

connection with this case.

REVERSED AND REMANDED WITH DIRECTIONS.