STATE of Iowa, Appellee,

v.

Antoinette Sarita AUSTIN, Appellant.

No. 92–1494.

Supreme Court of Iowa.

July 21, 1993.

Linda Del Gallo, State Appellate Defender, and Andi S. Lipman, Asst. State Appellate Defender, for appellant.

Bonnie J. Campbell, Atty. Gen., Martha E. Boesen, Asst. Atty. Gen., Diann Wilder–Tomlinson, County Atty., and Paul Crawford, Asst. County Atty., for appellee.

Considered by McGIVERIN, C.J., and SCHULTZ, LAVORATO, NEUMAN, and ANDREASEN, JJ.

SCHULTZ, Justice.

The question in this case is whether the defendant, having pled guilty to a charge

of third-degree theft in violation of Iowa Code section 714.2(3) (1991), should have been sentenced under this subsection when prior to sentencing an amendment to section 714.2 reclassified the degrees of theft. We find that the defendant should have been sentenced pursuant to the newly amended statute, and reverse and remand for resentencing.

The defendant, Antoinette Austin, was charged with theft for taking $167.88 worth of children's clothes from the Wal–Mart store in Marshalltown on May 22, 1992. On July 31, Austin pled guilty to third-degree theft pursuant to a plea agreement whereby the State would drop an assault charge and not make a recommendation regarding sentencing. Acting pursuant to Iowa Code sections 714.2(3) and 903.1(2) (1991), the district court sentenced Austin to a term of imprisonment not to exceed two years. Austin appeals the sentence.

Effective July 1, 1992, the legislature amended section 714.2, which defines the various degrees of theft. 1992 Iowa Acts ch. 1060, § 1. Apparently, the parties and the court were unaware of the amendment or believed it did not affect these proceedings. Former section 714.2(3) provided that a person was guilty of third-degree theft, an aggravated misdemeanor, when that person had taken property exceeding $100 but not exceeding $500 in value. As amended, subsection (3) now provides that the minimum amount of the property is $500. Stolen property valued at $100 but not more than $500 now falls under the terms of section 714.2(4) classifying fourth-degree theft, a serious misdemeanor. The maximum penalty for an aggravated misdemeanor is a sentence of two years in prison and a five thousand dollar fine; the maximum penalty for a serious misdemeanor is one year in prison and a one thousand dollar fine. Iowa Code § 903.1 (1991).

Defendant contends that she was sentenced after the statute was amended; therefore, the district court erred in not sentencing her under the amended statute. The State contends that, because the legislature failed to provide for retroactive application of the amendment, it operates prospectively. The State also contends defendant failed to preserve error.

■ I. *Reduced sentence.* In her claim of entitlement to a reduced sentence, defendant relies upon Iowa Code section 4.13(4) (1991). This section provides that if a "penalty, forfeiture, or punishment for any offense is reduced by a re-enactment, revision, or amendment of a statute, the penalty, forfeiture, or punishment if not already imposed shall be imposed according to the statute as amended." Defendant urges the amendment reduced the penalty for thefts involving property with a value between one and five hundred dollars.

The State argues that the amended statute did not affect the penalty of third-degree theft but merely changed an element of the offense. In support of its argument, the State cites *State v. Jenson,* 236 Neb. 869, 464 N.W.2d 326, 329 (1991).

We first address the State's reliance on *Jenson.* In *Jenson,* the defendant pled no contest to a charge of drunk driving, third offense. *Id.,* 464 N.W.2d at 328. He appealed and the judgment was affirmed. During the pendency of his appeal, the statute outlining the elements of proof necessary to establish a third offense was amended to preclude evidence of convictions of more than ten years prior to the date of the current conviction for purposes of sentence enhancement. *Id.* The defendant requested resentencing arguing that he was entitled to be sentenced pursuant to the amended statute because it mitigated his punishment. *Id.* The Nebraska Supreme Court held that the amendment did not reduce the penalty, but merely changed an element of the proof. *Id.*

We believe *Jenson* is distinguishable from the present case. Nebraska's rule, mitigating punishment when an amendment reduces the penalty of a criminal offense, is a court made rule rather than a statutory mandate. *See State v. Randolph,* 186 Neb. 297, 183 N.W.2d 225, 228 (1971). Consequently, the Nebraska court has more flexibility in developing the perimeters and flexibilities of its rule. Addi-

tionally, in *Jenson*, the defendant had been sentenced *before* the criminal statute was amended and the court noted that its trial court could not consider a reduction on a theory that the sentence was erroneous or illegal. 464 N.W.2d at 328. In the present case, defendant had not been sentenced when the amended statute went into effect.

We believe the relevant inquiry is whether the determination of the value of the property, in order to classify the degree of theft, is an element of the offense or an element used for imposing a penalty and thus falls within the "penalty" and "punishment" language of section 4.13(4). An examination of our statutory framework concerning theft shows that Iowa Code section 714.1 (1991) defines theft and specifies the acts constituting the offense.[1] This section was not amended in 1992. Iowa Code section 714.2 [2] classifies the degrees of the offense of theft by specifying the value of the stolen property but does not define the crime. In a different context, we have observed that "specifying the degrees of theft does not change theft into a different offense; it merely provides a system of categorizing degrees of theft in order to classify the crime for sentencing." *State v. Garr*, 461 N.W.2d 171, 174 (Iowa 1990).

Stated otherwise, section 714.2 does not define the crime of larceny; it merely provides criteria for determining punishment, one criteria being the value of the property. While the State must meet its burden to establish the dollar value of the stolen property in order to designate the crime for sentencing, the proof of the property's value is relevant only to the punishment. We conclude the provision of section 4.13(4) concerning a mitigated penalty is applicable in this case.

Another jurisdiction has addressed a similar issue. Ohio has a statute identical to our section 4.13(4). In *State v. Coffman*, 16 Ohio App.3d 200, 475 N.E.2d 139, 142 (1984), the court was confronted with statutory changes lowering the value amounts in Ohio's theft statute effective after the commission of the offense but before conviction and sentencing. The Ohio court held the defendant should have been sentenced under the amended version of its statute. *Id.* *See also State ex rel. Arbogast v. Mohn*, 164 W.Va. 6, 260 S.E.2d 820, 824 (1979) (amendment of larceny statute changing the demarcation between grand and petit larceny after the commission of crime but before sentencing of defendant does not change the character of the offense, but the effect of the amendment was to mitigate the penalty and allowed defendant to exercise statutory option to be sentenced under the amended law). We hold the 1992 amendment to sections 714.2(3) and (4) reduces the punishment and requires sentencing under the amended version.

■ II. *Error preservation.* The State argues that defendant pled guilty to the third-degree theft charge after being informed of the maximum sentence of two-years imprisonment and failed to raise the issue of sentencing under the amendment until her appeal.

We conclude that the rule of error preservation is not available to the State under these circumstances. On July 31 at the plea proceeding, the court advised defendant that third-degree theft involved "property exceeding one hundred but not exceeding five hundred dollars in value" and defined value. In determining the factual basis for the plea, defendant responded af-

1. Appropriate to the present charge section 714.1(1) provides a theft is committed when a person "[t]akes possession or control of the property of another ..., with the intent to deprive the other thereof."

2. The 1991 Code version provides in subsection 3:

> The theft of property exceeding one hundred dollars but not exceeding five hundred dollars in value ..., is theft in the third de-

gree. Theft in the third degree is an aggravated misdemeanor.
The 1992 amendment changes the amounts in subsection 3 to "five hundred dollars, but not exceeding one thousand dollars ..." and changes subsection 4 to include amounts between one hundred and five hundred dollars and constitute theft in the fourth degree, a serious misdemeanor. 1992 Iowa Acts ch. 1060, § 1.

firmatively to the court's question of whether the value of the property taken was between one hundred and five hundred dollars. Defendant was informed third-degree theft carried a maximum sentence of two years and she pled guilty to that charge; however, she was obviously unaware that the value of the stolen property fit fourth-degree theft rather than third-degree theft under the amended statute. At sentencing, the court outlined the underlying facts and referred to the minutes of evidence and the pre-sentence report which each showed the value of the property to be $167.88. No reference was made to the 1992 amendment. At every stage of the proceedings, defendant was led to believe that the theft of property valued at $167.88 required sentencing under third-degree theft as an aggravated misdemeanor. We hasten to add that we are not critical of the court or attorneys involved for not discovering a legislative amendment effective only a few weeks before the plea and sentencing and possibly not published at that time.

Our case law has provided that criminal sentences not authorized by statute are void and cannot be permitted to stand. *State v. Draper*, 457 N.W.2d 600, 605–06 (Iowa 1990); *State v. Ohnmacht*, 342 N.W.2d 838, 842 (Iowa 1983); *State v. Burtlow*, 299 N.W.2d 665, 668 (Iowa 1980); *Gatton v. Brewer*, 268 N.W.2d 185, 188 (Iowa 1978); *State v. Wiese*, 201 N.W.2d 734, 737 (Iowa 1972). Under our holding in division I, the 1992 amendment reduced the punishment for the larceny committed and the court was required to impose sentence pursuant to the amendment. Consequently, we conclude the sentence imposed was void.

We have also adopted the rule that the concept of error preservation is not available to the appellee when the appeal is from an illegal or void sentence. *Ohnmacht*, 342 N.W.2d at 843; *Gatton*, 268 N.W.2d at 188; *accord Draper*, 457 N.W.2d at 605; *State v. Suchanek*, 326 N.W.2d 263, 266–67 (Iowa 1982). Accordingly, we reject the State's claim concerning error preservation.

III. *Summary.* In summary, we hold that the district court erred in failing to sentence the defendant pursuant to the newly amended Iowa Code section 714.2(4). Defendant's sentence is vacated and the case is remanded for resentencing.

**SENTENCE VACATED; CASE REMANDED FOR RESENTENCING.**